UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

AT LAW AND IN ADMIRALTY

SHIRLEY RILEY,

    Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

    Defendant,
_____/

## PLAINTIFF'S UPDATED NOTICE OF HEARING REGARDING DISCOVERY DISPUTE

The Plaintiff, Shirley Riley, pursuant to U.S. Magistrate Judge Jonathan Goodman's discovery procedures hereby gives notice of a hearing which will take place on **June 26, 2015, at 4:30p.m.**, in the Miami Division, James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Room 1168, Miami, FL 33132, before United States Magistrate Judge Jonathan Goodman, regarding the following matter:

### BETTER ANSWERS TO PLAINTIFF'S INTERROGATORIES

1.     Defendant's failure to provide verified Interrogatory Answers;

- A copy of **Defendant's Notice of Serving Unverified Responses dated May 13, 2015** to Plaintiff's Interrogatories dated April 1, 2015 attached.

2.     **Defendant's answer to Plaintiff's Interrogatories No. 9** (lack of specificity as to who is responsible for a) safety; b) maintenance; c) repair, and or d) cleaning of the area where the incident occurred (i.e. the granite floor in the casino on the Carnival Dream).

1

CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

3. **Defendant's answer to Plaintiff's Interrogatories No. 10** (contact information for witnesses not included in answer as per parties' agreement).

4. **Defendant's answer to Plaintiff's Interrogatories No. 12** (information/specs for the tile where the incident occurred not provided. Defendant has agreed to amend, however, has not yet done so.)

5. **Defendant's answer to Plaintiff's Interrogatories No. 14** (Plaintiff in need of more precise answer as to whether coating, paint, strips were added to the floor and present at the time of the incident).

## BETTER RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS.

6. **Defendant's response to Plaintiff's Request for Production No. 1** (photos of the accident scene not provided in jpg format as per agreement)

7. **Defendant's response to Plaintiff's Request for Production No. 23** (disagreement whether Defendant must produce a copy of witness Sandra Lee Morton's statement)

8. **Defendant's response to Plaintiff's Request for Production No. 50** (shipboard safety meeting – dispute as to time. Plaintiff is requesting three years prior to incident. Defendant wants to limit the time to which produce safety meetings to the subject cruise.)

9. **Defendant's response to Plaintiff's Request for Production No. 53** (night shift reports and day shift reports not produced from the subject cruise not produced as per agreement)

10. **Defendant's response to Plaintiff's Request for Production No. 72** (Defendant has not yet provided power point entitled "preventing slips, trips and falls" within time frame agreed upon)

11. **Defendant's response to Plaintiff's Request for Production No. 78** (Defendant has not yet provided the most recent Carnival standard for slip resistance as promised)

12. **Defendant's response to Plaintiff's Request for Production No. 79** (Defendant response to this request is insufficient. Instead of producing documents the Defendant has taken photo of the marble and provided a photo of a one page of a catalogue).

## DISPUTE REGARDING TIMING FOR SUPLLEMENTING BETTER RESPONSES

13. The parties disagree on how much time to allow Carnival to produce better responses to Plaintiff's Request for Production and interrogators. The Plaintiff has been pushing

2

CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

for answers to interrogatories and better responses to request for production of documents due to Corporate representative deposition noticed for June 30, 2015 (rescheduled twice to accommodate Carnival's representative's schedule) and the ship inspection taking place on June 28, 2015. Documents and information to the surface that is being inspected is still outstanding.

## LOCAL RULE 7.1 CERTIFICATE OF GOOD-FAITH CONFERENCE

The undersigned spoke with Defense counsel Mason Kerns, Esq. via telephone on May 28, 2015, May 28, 2015, and June 9, 2015 and on June 25, 2015 regarding supplemental responses in order to resolve the discovery issues. The parties have been unable to come to an agreement on the issues noticed for hearing.

Respectfully submitted,

.   *s/Bjørg Eikeland*
Bjørg Eikeland, Esq. (FBN 37005)
beikeland@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL 33131-3504
Tel. (305) 371-8000
Fax (305) 371-3542
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

We hereby certify that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 25th day of June, 2015. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

*s/ Bjørg Eikeland*
Bjørg Eikeland (FBN 37005)

CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

## SERVICE LIST

RILEY v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES
CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

| | |
|---|---|
| John H. Hickey, Esq. (FBN 305081)<br>hickey@hickeylawfirm.com<br>Bjørg Eikeland, Esq. (FBN 37005)<br>beikeland@hickeylawfirm.com<br>Hickey Law Firm, P.A.<br>1401 Brickell Avenue, Suite 510<br>Miami, FL  33131-3504<br>Tel. (305) 371-8000<br>Fax (305) 371-3542<br>*Attorneys for Plaintiff* | Scott P. Mebane, Esq. (FBN 273030)<br>smebane@maselara.com<br>Mason Kerns, Esq. (FBN 91754)<br>mkerns@maselara.com<br>filing@maselara.com<br>mnorona@maselara.com<br>Masa, Lara, P.A.<br>2601 South Bayshore Drive, Suite 800<br>Miami, FL  33133<br>Tel.: (305) 377-3770<br>Fax: (305) 377-0080<br>*Attorneys for Defendant*<br>*Service by Notice of Electronic Filing* |