UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

15-cv-20807-Martinez/Goodman

SHIRLEY RILEY,

    Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES

    Defendant.
_____/

## **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY**

Defendant, Carnival Corporation, respectfully moves in limine for an order barring the following Plaintiff's treating physicians from offering at trial (1) opinions regarding the cause of Plaintiff's injuries and (2) opinions beyond those arising from treatment of Plaintiff:

1. Dr. Thomas Barbour, III
2. Dr. Robert McGinley
3. Dr. Crystal Rogers
4. Dr. Jack Russell Cunningham
5. Dr. Steven Thompson
6. Dr. James Byrd
7. Dr. Adolph Isom
8. Dr. Donna Dark-Mezick; and
9. Dr. Julia Boyd

**Memorandum of Law**

Unless otherwise stipulated or ordered, the expert witness disclosures required by Rule 26(a)(2)(a) "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case…" Fed. R. Civ. P. 26(a)(2)(B). The report must contain:

   a. A complete statement of all opinions the witness will express and the basis and reasons for them;
   b. The facts or data considered by the witness in forming them;
   c. Any exhibits that will be used to summarize or support them;
   d. The witness's qualifications, including a list of all publications authored in the previous 10 years;
   e. A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
   f. A statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). As this Court recently stated, "treating physicians offering opinions beyond those arising from treatment," e.g., testimony as to causation, "are experts from whom *full* Rule 26(a)(2)(B) reports are required." *Whelan v. Royal Caribbean Cruises, Ltd.,* 976 F.Supp.2d 1322, 1328 (S.D. Fla. 2013) (Ungaro, J.) (emphasis added) (quoting *In re Denture Cream Prods. Liab. Litig.*, 2012 WL 5199597, *4 (S.D. Fla. 2012) (Altonaga, J.).

Under Rule 37, if a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Because Plaintiff did not submit reports mandated by Rule 26(a)(2)(B), the witnesses delineated above should be prevented from offering at trial (1) opinions regarding the cause of Plaintiff's injuries, and (2) opinions beyond those arising from treatment.

**Local Rule 7.1 Certification**

By my signature below, I certify that I have conferred with all parties who may be affected by the relief sought in the motion in a good-faith effort to resolve same, but have been unable to do so.

Respectfully submitted,

By:    */s/ Mason Kerns*
       CURTIS J. MASE
       Florida Bar No.: 0478083
       cmase@maselara.com
       SCOTT P. MEBANE
       Florida Bar No.: 273030
       smebane@maselara.com
       MASON KERNS
       Florida Bar No: 91754
       mkerns@maselara.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed with the Clerk to the Court via CM/ECF, and emailed to all counsel of record as identified in the Service List below, on November 2, 2015.

By:   */s/ Mason Kerns*
     MASON KERNS



SHIRLEY RILEY v. CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES

CASE NO. 15-CV-20807-MARTINEZ/GOODMAN

John H. Hickey, Esq.
Bjorg Eikland, Esq.
Hickley Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
Tel: (305) 371-8000
Fax: (305) 371-3542
Email: federalcourtfilings@hickeylawfirm.com
Email: beikeland@hickeylawfirm.com
*Attorneys for Plaintiff*

18733/672