UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

AT LAW AND IN ADMIRALTY

SHIRLEY RILEY,

Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

Defendant.
_______________________________/

# JOINT PRETRIAL STIPULATION

The Parties to this action, by and through their undersigned counsel, and pursuant to this Court's Order Setting Civil Jury Trial and Pretrial Schedule, Requiring Mediation and Referring Certain Motions to Magistrate Judge [DE 19], hereby file this Joint Pretrial Stipulation, and state, as follows:

## I. JOINT, NEUTRAL SUMMARY OF THE CLAIMS AND DEFENSES IN THE CASE

The Defendant owns and operates the cruise ship the *Carnival Dream*, on which Plaintiff was a passenger. On April 19, 2014, Plaintiff fell in the Jackpot Casino on the Promenade Deck of the ship, fracturing her elbow. Plaintiff maintains that Carnival by its negligence caused the incident. Defendant denies any and all liability. Plaintiff contends her fracture led to a permanently disabling condition which prompted her early retirement. Defendant disputes this.

## II. <u>STATEMENT OF THE CASE BY EACH PARTY (per LR.16.1(e)</u>

**<u>Plaintiff's Statement of the Case:</u>**

The Defendant owns and operates the cruise ship Carnival *Dream*. On April 19, 2014, the Defendant's employees negligently allowed a spill of water to remain on a large area of the walkway in the Jackpot casino on deck 5, for an extended period of time. The contends walkway in the casino remained wet for an extended period of time (30-45 minutes), despite a passenger's warning and notice to the onboard cruise personnel about the existence of the accumulation of water. Moreover, the Defendant created the dangerous condition in the first place by installing marble tile on the walkway in the casino with a slip resistance when wet below industry standard and Carnival's own standard for coefficient of friction.

The Plaintiff slipped and fell as a result of the wet floor left unattended by the Defendant's employees. As a result of her slip and fall, the Plaintiff suffered a comminuted fracture of her right elbow. On April 23, 2014, the Plaintiff underwent a surgery for open reduction-internal fixation of proximal ulnar fracture with implantation of an artificial elbow joint. A year and four months later, on August 17, 2015, the Plaintiff underwent a second surgery for anterior transposition of the ulnar nerve. The Plaintiff developed scar tissue after her second surgery and contends that she still experiences numbness in her right arm and elbow.

**<u>Defendant's Statement of the Case:</u>**

Plaintiff tripped over her own two feet, yet blames Carnival for her injuries.

Plaintiff's boyfriend was rushing Plaintiff through the casino walkway on the date in question. Plaintiff was wearing shoes with peculiar soles that provide very good traction. Rather than "slip," as plaintiff alleges, her lead foot contacted the marble tile and abruptly stopped, making a screeching

sound. Two independent eyewitnesses heard the screech and watched plaintiff fall forward onto the floor, sustaining a fractured arm.

There was no puddle of water or any other foreign substance on the floor. The two independent eyewitnesses and a security guard searched the floor for any liquid, finding it completely dry. Plaintiff did, on account of her own negligence, sustain an injury, but she greatly exaggerates the effects of that injury on her life. Carnival is not liable for any of Plaintiff's claimed damages.

## III. BASIS OF FEDERAL JURISIDICTION:

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the Plaintiff's claim arises under admiralty and/or maritime jurisdiction. Additionally, the Court has diversity jurisdiction. The Plaintiff resides in Alabama and the Defendant is headquartered in Miami, Florida. Further, the Defendant's Passenger Ticket Contract venue selection clause requires that the Plaintiff file this action in the United States District Court for the Southern District of Florida.

## IV. PLEADINGS RAISING THE ISSUES:

a. Plaintiff's Complaint filed on February 26, 2015 [D.E. 1].

b. Defendant's Answer to the Plaintiff's Complaint and Affirmative Defenses filed on March 26, 2015 [D.E. 12].

## V. LIST OF ALL UNDISPOSED MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT:

**Plaintiff's Motions:**

1. Plaintiff's Consolidated Motion in Limine [D.E. 42]:

    a. To Exclude Testimony of Sandra Lee Morton.
    b. To Exclude Testimony of Dalise Gautreaux.
    c. Regarding Collateral Source Benefits.
    d. Regarding Pre-Existing Condition.
    e. Regarding Hearsay Statements in Medical Records.
    f. Regarding Jury Consultant.

**Defendant's Motions:**

1. Defendant's Motion in Limine to Exclude Testimony of Treating Physicians [D.E. 42].

## VI. UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL:

a. At the time of the alleged incident, the Carnival *Dream* was owned and operated by Defendant Carnival Corporation d/b/a Carnival Cruise Lines.

b. At the time of the alleged incident, the Plaintiff was a lawful passenger onboard the *Dream*.

c. The incident occurred on April 19, 2014 onboard the *Dream*.

d. The incident occurred on the walkway in the Jackpot Casino on the *Dream*.

e. The Jackpot Casino is located on deck 5 of the *Dream.*

f. The Carnival *Dream* was launched in 2008.

g. The *Dream*'s maximum passenger capacity is 3,646.

h. The *Dream*'s usual onboard crewmember count is 1,367.

i. The subject cruise embarked from New Orleans, Louisiana on April 14, 2014.

j. The subject cruise disembarked in New Orleans, Louisiana on April 20, 2014.

## VII. ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL:

a. Negligence of the Defendant, Carnival Corporation d/b/a Carnival Cruise Lines.

b. Causation of Plaintiff's injuries.

c. Whether and to what extent the accident caused economic damages to the Plaintiff.

d. Whether and to what extent the accident caused non-economic damages to the Plaintiff.

e. Comparative negligence of the Plaintiff; if any

## VIII. ISSUES OF LAW IN WHICH THERE IS AGREEMENT:

a. Venue is proper.

b. The General Maritime Law of the United States applies to this case.

c. The Court has maritime jurisdiction pursuant to 28 U.S.C. § 1332.

d. Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

e. The Plaintiff had a duty to exercise reasonable care under the circumstances for her own safety.

## IX. ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT:

a. Issues or other matters raised not yet disposed of. *See* Section IV above. Evidentiary issues at trial.

## X. EACH PARTY'S LIST OF TRIAL EXHIBITS:

a. The parties attach their respective Exhibit Lists.

## XI. EACH PARTY'S LIST OF TRIAL WITNESSES:

a. The Plaintiff's Witness List is attached hereto.

b. The Defendant's Witness List is attached hereto.

## XII. ESTIMATED TRIAL TIME:

Approximately 5 – 7 days.

## XIII. ATTORNEY'S FEES:

There is no claim for attorney's fees.

Dated: November 10, 2015.

By: *s/Bjorg Eikeland*
Bjorg Eikeland, Esq. (FBN 37005)
beikeland@hickeylawfirm.com
John H. Hickey, Esq. (FBN 305081)
hickey@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL 33131
Tel.: (305) 371-8000
Fax: (305) 371-3542
*Attorneys for Plaintiff*

By: *s/Scott P. Mebane*
Scott P. Mebane, Esq. (FBN 273030)
smebane@maselara.com
Mason Kerns, Esq. (FBN 91754)
mkerns@maselara.com
Curtis Mase Esq. (FBN478083
cmase@maselara.com
Mase Lara, P.A.
2601 South Bayshore Drive, Suite 800
Miami, FL 33133
Tel.: (305) 377-3770
Fax: (305) 377-0080
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 10th day of November October, 2015. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

*s/ Bjørg Eikeland*
Bjørg Eikeland (FBN 37005)

**SERVICE LIST**

RILEY v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES
CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

| | |
|---|---|
| John H. Hickey, Esq. (FBN 305081)<br>hickey@hickeylawfirm.com<br>Bjørg Eikeland, Esq. (FBN 37005)<br>beikeland@hickeylawfirm.com<br>Hickey Law Firm, P.A.<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131-3504<br>Tel. (305) 371-8000<br>Fax (305) 371-3542<br>*Attorneys for Plaintiff* | Scott P. Mebane, Esq. (FBN 273030)<br>smebane@maselara.com<br>Mason Kerns, Esq. (FBN 91754)<br>mkerns@maselara.com<br>mnorona@maselara.com<br>ctoth@maselara.com<br>filing@maselara.com<br>Masa, Lara, P.A.<br>2601 South Bayshore Drive, Suite 800<br>Miami, FL 33133<br>Tel.: (305) 377-3770<br>Fax: (305) 377-0080<br>*Attorneys for Defendant*<br>*Service by Notice of Electronic Filing* |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

AT LAW AND IN ADMIRALTY

SHIRLEY RILEY,

Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

Defendant,
________________________________/

**PLAINTIFF'S EXHIBIT LIST**

Plaintiff, Shirley Riley, by and through her undersigned counsel and pursuant to this Court's Order [DE 19] and Local Rule 16.1 of the Southern District of Florida and Federal Rule of Civil Procedure 26 (A) (1) hereby provides this **EXHIBIT LIST** as follows:

INDEX

A – Authenticity
I – Inadmissible Material
R – Relevance
H – Hearsay
UP – Substantially More Prejudicial Than Probative
P – Privileged
F – Foundation
√ – No Objection

| | | | |
|---|---|---|---|
| PLAINTIFF'S ATTORNEY<br>JOHN H. HICKEY, ESQ.<br>BJORG EIKELAND, ESQ. | | | DEFENDANT'S ATTORNEY |
| COURT REPORTER | | | COURTROOM DEPUTY |
| **PLF NO.** | **OBJECTION** | **ADMITTED** | **DESCRIPTION OF EXHIBITS** |
| | | | **DOCUMENTS PRODUCED BY DEFENDANT** |
| **1.** | #s 1-4: √ | | Defendant's Answers to Plaintiff's Interrogatories dated April 1, 2015 |

| | | | |
|---|---|---|---|
| | Remainder: R, UP | | |
| **2.** | R, UP | | Defendant's Amended Answers to Plaintiff's Interrogatories dated April 1, 2015 |
| **3.** | No. 10, pt. 1: √<br><br>Remainder: R, UP | | Defendant's Amended Answers to Plaintiff's Initial Interrogatories Nos. 10, 14, and 15 and Answers to "Interrogatories on Spoliation" |
| **4.** | R, UP | | Defendant's Responses to Plaintiff's Request for Admissions dated April 1, 2015 |
| **5.** | R, UP | | Defendant's Responses to Plaintiff's Second Request for Admissions dated August 4, 2105 |
| **6.** | R, UP | | Defendant's Amended Response to Plaintiff's Second Request for Admissions dated August 4, 2105 |
| **7.** | R, H, UP | | Summary of Onboard Charges for Shirley Riley produced with Defendant's Response to Request for Production on May 13, 2015 bates-stamped CCL 18733-1 to 18733-2 |
| **8.** | R, H, UP | | Summary of Onboard Charges for Freddie Griffin produced with Defendant's Response to Request for Production on May 13, 2015 bates-stamped CCL 18733-1 to 18733-3 |
| **9.** | R, H, UP | | A-Pass Web Report for Shirley Riley produced with Defendant's Response to Request for Production on May 13, 2015 bates-stamped CCL 18733-6 |
| **10.** | R, H, UP | | A-Pass Web Report for Freddie Griffin produced with Defendant's Response to Request for Production on May 13, 2015 bates-stamped CCL 18733-7 |
| **11.** | R, H, UP | | Defendant's apology letter to Plaintiff dated April 20, 2014 produced with Defendant's Response to Request for Production on May 13, 2015 bates-stamped CCL 18733-23 |
| **12.** | R, H, UP | | Two-Minute Trainer: Spills and Wet Floors produced with Defendant's Response to Request for Production on May 13, 2015 bates-stamped CCL 18733-24 |
| **13.** | R, H, UP | | Two-Minute Trainer: Floor Mopping produced with Defendant's Response to Request for Production on May 13, 2015 bates-stamped CCL 18733-25 |

| | | | |
|---|---|---|---|
| **14.** | R, H, UP | | Carnival's daily newspapers from April 14, 2014 through April 19, 2014 produced with Defendant's Supplemental Responses to Request for Production on May 29, 2015 bates-stamped CCL 18733-26 – 18733-37 |
| **15.** | R, H, UP | | Job Description: Assistant Stateroom Steward/ess (Team Service) produced with Defendant's Supplemental Responses to Request for Production on May 29, 2015 bates-stamped CCL 18733-38 – 18733-39 |
| **16.** | R, H, UP | | Job Description: Hotel Steward/ess (Team Service) produced with Defendant's Supplemental Responses to Request for Production on May 29, 2015 bates-stamped CCL 18733-40 |
| **17.** | R, UP | | Ticket Contract produced with Defendant's Second Supplemental Response to Request for Production on June 24, 2015 bates-stamped CCL 18733-42 – 18733-60 |
| **18.** | √ | | Security Officer Watch Report produced with Defendant's Second Supplemental Response to Request for Production on June 24, 2015 bates-stamped CCL 18733-72 |
| **19.** | R, H, UP | | Notes from the iCare system produced with Defendant's Second Supplemental Response to Request for Production on June 24, 2015 bates-stamped CCL 18733-73 |
| **20.** | R, H, UP | | iCare documentation regarding slips and falls produced with Defendant's Second Supplemental Response to Request for Production on June 24, 2015 bates-stamped CCL 18733-74 |
| **21.** | R, H, UP | | Night Shift Report dated April 20, 2014 and documentation regarding cleaning and/or cleaning schedules produced with Defendant's Second Supplemental Response to Request for Production on June 24, 2015 bates-stamped CCL 18733-75 – 18733-160 |
| **22.** | R, H, UP | | Two Minute Trainer: Easy Mop "spot/spill cleaning" produced with Defendant's Second Supplemental Response to Request for Production on June 24, 2015 bates-stamped CCL 18733-162 – 18733-163 |
| **23.** | 165-67: √<br>168: R, H, UP | | Photographs and technical specifications of the subject casino flooring produced with Defendant's Second Supplemental Response to Request for Production on June 24, 2015 bates-stamped CCL 18733-165 – 18733-168 |

| | | | |
|---|---|---|---|
| **24.** | √ | | Photographs of the subject casino produced with Defendant's Fourth Supplemental Response to Request for Production on July 9, 2015 [not bates-stamped] |
| **25.** | R, H, UP | | Carnival Safety Standard – Guest Common Area Flooring Materials dated November 6, 2009 produced with Defendant's Fourth Supplemental Response to Request for Production on July 9, 2015 bates-stamped 18733-203 – 18733-204 |
| **26.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 1 – 02/17/2010 dated July 29, 2013 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-205 – 18733-209 |
| **27.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 1 – 02/17/2010 dated August 26, 2013 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-210 – 18733-214 |
| **28.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 1 – 02/17/2010 dated October 25, 2013 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-215 – 18733-218 |
| **29.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated November 22, 2013 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-219 – 18733-224 |
| **30.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated December 30, 2013 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-225 – 18733-232 |
| **31.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated January 30, 2014 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-233 – 18733-240 |
| **32.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated March 1, 2014 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-241 – 18733-247 |

| | | | |
|---|---|---|---|
| **33.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated April 4, 2014 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-248 – 18733-255 |
| **34.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated May 3, 2014 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-256 – 18733-263 |
| **35.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated May 31, 2014 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-264 – 18733-267 |
| **36.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated June 28, 2014 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-268 – 18733-271 |
| **37.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated July 26, 2014 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-272 – 18733-275 |
| **38.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated November 25, 2014 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-276 – 18733-282 |
| **39.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated March 28, 2015 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-283 – 18733-288 |
| **40.** | R, H, UP | | Shipboard Safety Committee minutes Rev. 2 – 10/14/2013 dated June 30, 2015 produced with Defendant's Fifth Supplemental Response to Request for Production on July 21, 2015 bates-stamped 18733-289 – 18733-295 |
| **41.** | R, H, UP | | Carnival Company Safety Standard Guest Common Area Flooring Materials dated March 18, 2011 produced with Defendant's Sixth Supplemental Response to Request for Production on July 22, 2015 bates-stamped 18733-296 – 18733-297 |

| | | | |
|---|---|---|---|
| **42.** | R, H, UP | | Log of passenger complaints lodged after subject cruise produced with Defendant's Supplmental [*sic*] Responses to Second Request for Production on September 2, 2015 bates-stamped 18733-322 |
| **43.** | R, H, UP | | Documentation on cleaning solution used to clean area where subject incident occurred produced with Defendant's Supplmental [*sic*] Responses to Second Request for Production on September 2, 2015 bates-stamped 18733-323 – 18733-328 |
| **44.** | R, H, UP | | Carnival Company Safety Standard Guest Common Area Flooring Materials dated June 27, 2008 produced with Defendant's Supplemental Response to Third Request for Production on September 2, 2015 bates-stamped 18733-329 – 18733-330 |
| | | | **<u>DEPOSITION TESTIMONY</u>** |
| **45.** | a. R, H, UP<br>b. R, H, UP<br>c. R, H, UP<br>d. R<br>e. √<br>f. √<br>g. √<br>h. R, UP<br>i. R, UP<br>j. √ | | Deposition transcript of Shirley Riley taken on July 29, 2015 with exhibits as follows:<br>a. Exhibit 1 – Notice of Taking Deposition<br>b. Exhibit 2 – Plaintiff's Answers to Defendant's Initial Interrogatories<br>c. Exhibit 3 – Plaintiff's Updated Answers to Defendant's Initial Interrogatories Nos. 8 & 15<br>d. Exhibit 4 – Photograph of the top of the Plaintiff's footwear worn during the subject incident<br>e. Exhibit 5 – Photograph of the bottom of the Plaintiff's footwear worn during the subject incident<br>f. Exhibit 6 – Photograph of the lateral view of the Plaintiff's footwear worn during the subject incident<br>g. Exhibit 7 – Photograph of the lateral view of the casino flooring in the area where the subject incident occurred<br>h. Exhibit 8 – Photograph of the straightforward view of the casino flooring in the area where the subject incident occurred<br>i. Exhibit 9 – Photograph of the diagonal view of the casino flooring in the area where the subject incident occurred<br>j. Exhibit 10 – Photograph of the close-up view of the casino flooring in the area where the subject incident occurred |

| | | | |
|---|---|---|---|
| **46.** | Objections to be made in designations and counter-designations | | Videotape of Deposition of **Corporate Representative** of Carnival Corporation, **Monica Petisco** taken on July 9, 2015 |
| **47.** | Transcript: Objections to be made in designations and counter-designations<br><br>a. R, H, UP<br><br>b. R, H, UP<br><br>c. √<br><br>d. R, H, UP | | Deposition transcript of **Corporate Representative** of Carnival Corporation, **Monica Petisco** taken on July 9, 2015 with exhibits as follows:<br><br>a. Exhibit 1 – Re-Notice of Taking Videotaped Deposition of a Corporation Pursuant to Fed.R.Civ.P.30(b)(6)<br>b. Exhibit 2 – Two Minute Trainer: Spills and Wet Floors<br>c. Exhibit 3 – Diagram of the Promenade Deck Plan for the Carnival *Dream*<br>d. Exhibit 4 – Photograph of the casino flooring in the area where the subject incident occurred |
| **48.** | Objections to be made in designations and counter-designations | | Videotape of Continuation of Deposition of **Corporate Representative** of Carnival Corporation, **Monica Petisco** taken on July 22, 2015 |
| **49.** | a. R,H,UP<br><br>b. R,H,UP<br>c. √<br><br>d. R,H,UP | | Deposition transcript of **Corporate Representative** of Carnival Corporation, **Monica Petisco** taken on July 22, 2015 with exhibits as follows:<br><br>a. Exhibit 1 – Re-Notice of Taking Videotaped Deposition of a Corporation Pursuant to Fed.R.Civ.P. 30(b)(6)<br>b. Exhibit 2 – Two Minute Trainer: Spills and Wet Floors<br>c. Exhibit 3 – Diagram of the Promenade Deck Plan for the Carnival *Dream*<br>d. Exhibit 4 – Photograph of the casino flooring in the area where the subject incident occurred |
| **50.** | Objections to be made in designations and counter-designations | | Videotape of Deposition of **Corporate Representative** of Carnival Corporation, **Zuzanna Kasza** taken on August 4, 2015 |
| **51.** | Transcript: Objections to | | Deposition transcript of **Corporate Representative** of Carnival Corporation, **Zuzanna Kasza** taken on August 4, 2015 with |

| | | | |
|---|---|---|---|
| | be made in designations and counter-designations<br><br>a. R, H, UP | | exhibits as follows:<br><br>a. Re-Notice of Taking Videotaped Deposition of a Corporation Pursuant to Fed.R.Civ.P. 30(b)(6) |
| **52.** | Objections to be made in designations and counter-designations | | Videotape of Deposition of Dalise L. Gautreaux taken on August 27, 2015 |
| **53.** | Transcript: Objections to be made in designations and counter-designations<br><br>a. R, H, UP<br><br>b. √<br><br>c. √<br><br>d. √<br><br>e. √ | | Deposition transcript of Dalise L. Gautreaux taken on August 27, 2015 with the following exhibits:<br><br>a. Plaintiff's Exhibit 1 – Subpoena to Testify at a Deposition in a Civil Action and Re-Notice of Taking Videotaped Deposition<br>b. Plaintiff's Exhibit 2 – Diagram of the Promenade Deck Plan for the Carnival *Dream*<br>c. Plaintiff's Exhibit 3 – Photograph of the casino flooring in the area where the subject incident occurred with markings made by the witness<br>d. Plaintiff's Exhibit 4 – Photograph of diagonal view of the casino flooring in the area where the subject incident occurred<br>e. Defendant's Exhibit 1 – Diagram of the Promenade Deck Plan for the Carnival *Dream* with markings made by the witness |
| **54.** | Defendant will object with Desig-nation | | Videotape of Deposition of Gina Rollison taken on September 14, 2015 |
| **55.** | Transcript: Objections to | | Deposition transcript of Gina Rollison taken on September 14, 2015 with the following exhibits: |

| | | | |
|---|---|---|---|
| | be made in designations and counter-designations<br><br>a. R, UP<br>b. R, UP<br>c. R, UP<br>d. R, UP<br>e. R, UP<br>f. R, H, UP | | a. Exhibit 1 - Photograph of the Plaintiff at her place of employment with a co-worker before a party-size square fruit tart cake<br>b. Exhibit 2 – Photograph of the Plaintiff at her place of employment frosting LSU cookie cakes<br>c. Exhibit 3 – Photograph of the Plaintiff at her place of employment with two co-workers in front of football cookie cakes and beneath New Orleans Saints balloons<br>d. Exhibit 4 – Photograph of the Plaintiff with co-worker both wearing CSM Bakery "lab coats"<br>e. Exhibit 5 – Photograph of the Plaintiff with eight co-workers<br>f. Exhibit 6 – Plaintiff's tax return for the year 2013 |
| **56.** | Transcript: Defendant will object with Desig-nation | | Deposition transcript of Lawrence C. Dinoff taken on September 13, 2015 with the following exhibits:<br><br>a. Exhibit A – Expert report with attachments by Lawrence C. Dinoff dated August 3, 2015 |
| | | | **<u>PHOTOGRAPHS</u>** |
| **57.** | R, UP | | Photographs of the Plaintiff's footwear on the day of the subject incident in the shipboard infirmary of the Carnival Dream bates-stamped RILEY. 065 – .068 |
| **58.** | R, UP | | Photographs of the Plaintiff's injuries and surgery-related photographs bates-stamped RILEY. 141 – .154 |
| **59.** | R, UP | | Photographs of the Plaintiff after the subject incident bates-stamped RILEY. 155 – .158 |
| **60.** | R, UP | | Photographs of the Plaintiff before the subject incident bates-stamped RILEY. 159 – .174 and RILEY. 176 – .180 |

| | | | |
|---|---|---|---|
| **61.** | R, UP | | Photograph of the wedding cake for the Plaintiff's son's wedding which had to be outsourced due to the Plaintiff's injuries bates-stamped RILEY. 175 |
| | | | **MEDICAL BILLS** |
| **62.** | R, H, UP | | Summary of Medical Expenses at Trial |
| **63.** | R, H, UP | | Affidavits as to authenticity of medical bills for the following medical providers:<br><br>a. The Orthopaedic Group, P.C.<br>b. Mobile Infirmary Medical Center<br>c. Anesthesia Services, P.C.<br>d. Mobile Surgery Center |
| **64.** | R, H, UP | | Any and all BILLS (*Bills redacted for collateral source information such as insurance information, discounts, etc.): **Carnival *Dream*** |
| **65.** | R, H, UP | | Any and all BILLS (*Bills redacted for collateral source information such as insurance information, discounts, etc.): **The Orthopaedic Group, P.C.** |
| **66.** | R, H, UP | | Any and all BILLS (*Bills redacted for collateral source information such as insurance information, discounts, etc.): **Mobile Infirmary Medical Center** |
| **67.** | R, H, UP | | Any and all BILLS (*Bills redacted for collateral source information such as insurance information, discounts, etc.): **Anesthesia Services, P.C.** |
| **68.** | R, H, UP | | Any and all BILLS (*Bills redacted for collateral source information such as insurance information, discounts, etc.): **Mobile Surgery Center** |
| **69.** | R, UP | | Elbow Bone Joint Fully Functional Anatomical Model SSM |
| **70.** | R, UP | | Medical illustrations and video and computer animation of medical illustrations. |
| **71.** | R, UP | | Any and all shoes, casts, canes, braces, belts, wraps, straps, immobilizing devices, crutches, walkers, and/or wheelchairs used at any time by the Plaintiff. |

| | | | |
|---|---|---|---|
| **72.** | R, UP | | Photos, diagrams, drawings, charts, graphs, diagrams, illustrations, videos, animations, and samples, and any other reproductions of the **Plaintiff from before the accident.** |
| **73.** | R, UP | | Photographs of Plaintiff's injuries |
| **74.** | R, UP | | Photos, diagrams, drawings, charts, graphs, diagrams, illustrations, videos, animations, and samples, and any other reproductions of the **Plaintiff at any time after the accident.** |
| **75.** | R, UP | | Photos, diagrams, drawings, charts, graphs, diagrams, illustrations, videos, animations, and samples, and any other **reproductions of the surgery.** |
| **76.** | R, H, UP | | Enlargements of photos, diagnostic films, x-rays, summary of medical bills, medical records, medical tests, reports, diagrams, drawings, exhibits, deposition excerpts, Defendant's answers to interrogatories, Defendant's answers to request for admissions and documents produced by the Defendant. |
| **77.** | R, H, UP | | Any and all reports, records, and files of **medical and non-medical experts** including but not limited to notes, charts, graphs, diagrams, illustrations, photographs, videos, models, and samples. |
| **78.** | R, H, UP | | C.V.'s of all experts. This includes **medical and non-medical experts**. |
| **79.** | R, H, UP | | All statutes, standards, statistics, tables, regulations, treaties, articles, other authorities, and/or model codes reviewed, considered and/or relied upon by Plaintiff's experts. |
| **80.** | R, H, UP | | Publications of experts of the Defendant. |
| **81.** | R, H, UP | | A copy of Plaintiff's Driver's License produced with Plaintiff's Initial Disclosures bates-stamped RILEY. 006 |
| **82.** | R, H, UP | | Any and all documents or items marked as an exhibit or referred to in any Complaint, Answer, Reply, other Pleadings herein, depositions, interrogatories and answers thereto, requests for admissions and responses thereto, requests to produce and responses thereto, and/or letters or correspondence in this case. |
| **83.** | R, H, UP | | Any and all depositions and all exhibits identified therein in this action. |

| | | | |
|---|---|---|---|
| **84.** | R, H, UP | | Mortality tables including but not limited to those listed in Vital Statistics of the United States, 1995 at www.cdc.gov/nchswww/, Florida Statutes annotated, U.S. Census Bureau Mortality Tables, and Mortality Data from the National Vital Statistics System of the National Center for Health Statistics (Division of the U.S. Center for Disease Control) found at www.cdc.gov/nchs/deaths.htm. |
| **85.** | R, H, UP | | Job descriptions of each and every crewmember whose responsibilities included maintaining, cleaning, or repairing the area where the subject accident happened as of the date of the subject accident. |
| **86.** | N/A | | Any and all criminal information, plea agreements, and documents related to any criminal conviction or plea of any defendant in this case. |
| **87.** | R, H, UP | | Pages from the web site of the Defendant in this case. |
| **88.** | R, H, UP | | Any and all exhibits listed by Defendant in this action. |
| **89.** | R, H, UP | | Any and all rebuttal exhibits. |
| **90.** | R, H, UP | | Any and all documents produced by any party to any other party in this action. |
| **91.** | R, H, UP | | Any and all documents produced by any nonparty in this action. |
| **92.** | R, H, UP | | All documents included in Plaintiff's expert files. |
| **93.** | R, H, UP | | All reference materials used by Plaintiff's experts. |
| **94.** | R, H, UP | | All receipts of payment for out of pocket expenses incurred as a result of the incident. |
| **95.** | R, H, UP | | All exhibits previously listed by the Plaintiffs in any Preliminary Exhibit Lists or Disclosures, and/or in any other exhibit lists in this case. |

INDEX

A – Authenticity
I – Inadmissible Material
R – Relevance
H – Hearsay

UP – Substantially More Prejudicial Than Probative
P – Privileged
F – Foundation
√ – No Objection

Submitted by:

*s/ Bjørg Eikeland*
Bjørg Eikeland (FBN: 37005)
beikeland@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Ste. 510
Miami, FL 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

We hereby certify that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 6th day of November, 2015. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

*s/ Bjørg Eikeland*
Bjørg Eikeland (FBN 37005)

**SERVICE LIST**

RILEY v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES
CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

| | |
|---|---|
| John H. Hickey, Esq. (FBN 305081)<br>hickey@hickeylawfirm.com<br>Bjørg Eikeland, Esq. (FBN 37005)<br>beikeland@hickeylawfirm.com<br>Hickey Law Firm, P.A.<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131-3504<br>Tel. (305) 371-8000<br>Fax (305) 371-3542<br>*Attorneys for Plaintiff* | Scott P. Mebane, Esq. (FBN 273030)<br>smebane@maselara.com<br>Mason Kerns, Esq. (FBN 91754)<br>mkerns@maselara.com<br>mnorona@maselara.com<br>ctoth@maselara.com<br>filing@maselara.com<br>Masa, Lara, P.A.<br>2601 South Bayshore Drive, Suite 800<br>Miami, FL 33133<br>Tel.: (305) 377-3770<br>Fax: (305) 377-0080<br>*Attorneys for Defendant*<br>*Service by Notice of Electronic Filing* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

15-cv-20807-Martinez/Goodman

SHIRLEY RILEY,

Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES

Defendant.
________________________________/

**DEFENDANT'S TRIAL EXHIBIT LIST**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and this Court's Order, hereby files its Trial Exhibit list. With respect to exhibits denoted as those that may be offered if the need arises, Defendant does not waive any arguments with respect to admissibility should Plaintiff attempt to offer same into evidence.

* denotes exhibits Defendant may offer if the need arises.

INDEX TO OBJECTIONS

A. Authenticity
I. Contains Inadmissible Matter
R. Relevancy
H. Hearsay
UP. Prejudice outweighs probative
P. Privileged
N. No objection.

| DE No. | Description | Objections | Admitted |
|---|---|---|---|
| 1. | Passenger Ticket Contract, or an exemplar thereof (Bates 42-60)* | A, R, H, I | |

| | | | |
|---|---|---|---|
| 2. | Booking Documents for Shirley Riley* | A, R, H, I | |
| 3. | Final Invoice for Shirley Riley (Bates 1-2)* | A, R, H, I | |
| 4. | Final Invoice for Freddie Griffin (Bates 3)* | A, R, H, I | |
| 5. | Archive Detail for Shirley Riley (Bates 6)* | A, R, H, I | |
| 6. | Archive Detail for Freddie Griffin (Bates 7)* | A, R, H, I | |
| 7. | Photographs of Plaintiff's shoes (Bates 12, 14, and 17) | A, H, I, UP | |
| 8. | Photographs of Scene of Incident (Bates 11, 13, 15-16 and 18) | A, R, H, I, UP | |
| 9. | Passenger Injury Statement (Bates 22)* | A, H, I, UP | |
| 10. | Correspondence between Plaintiffs and Defendant (Bates 23)* | A, R, H, I, UP | |
| 11. | Two Minute Trainer (Bates 24-25)* | N | |
| 12. | Fun Times (Bates 26-37)* | N | |
| 13. | Diagram of Scene of Incident (Bates 41) | A, H, I, UP | |
| 14. | Security Watch Reports (Bates 72) | A, R, H, I, UP | |
| 15. | Photographs of Tile (Bates 165-167) | A, R, H, I, UP | |
| 16. | Statement of Sandra Morton (Bates 171) | A, R, H, I, UP | |
| 17. | Email from John Ezell to Mason Kerns dated 04/17/15 at 10:13 pm (Bates 172)* | A, R, H, I, UP | |
| 18. | iCare Notes regarding Dalise Walgamotte (Bates 298-299) | A, R, H, I, UP | |
| 19. | Letter from Carnival to Dalise Walgamotte (Bates 301)* | A, R, H, I, UP | |
| 20. | Guest Management Portal (Bates 320-321)* | A, R, H, I, UP | |
| 21. | CCTV of Casino (Bates 331) | A, R, H, I, UP | |
| 22. | Ship's Medical Records (Bates 8-9 and 169-170)* | A, H, I, UP | |

| | | | |
|---|---|---|---|
| 23. | Medical records and bills of Aetna, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 24. | Medical records and bills of Anesthesia Service, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 25. | Medical records and bills of Deep South Dermatology, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 26. | Medical records and bills of Greater Mobile Urgent Care, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 27. | Medical records and bills of Mobile Infirmary, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 28. | Medical records and bills of Mobile Obstetrics & Gynecology, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 29. | Medical records and bills of Mobile Open MRI, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 30. | Medical records and bills of The Orthopedic Group, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 31. | Medical records and bills of Providence Family Physicians, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |

| | | | |
|---|---|---|---|
| 32. | Medical records and bills of The Rawlings Company, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 33. | Medical records and bills of Walmart Pharmacy, including exam records, notes, x-ray films, MRI films and records of all laboratory and all other tests performed on Plaintiff* | A, R, H, I, UP | |
| 34. | Employment records of CSM Bakery for on Plaintiff* | A, H, I | |
| 35. | Exhibit 3 to the Videotape Deposition transcript of Corporate Representative of Carnival Corporation, Monica Petisco taken on July 9, 2015 - Diagram of the Promenade Deck Plan for the Carnival *Dream* | N | |
| 36. | Exhibit 11 to the Videotaped Deposition transcript of Corporate Representative of Carnival Corporation, Monica Petisco taken on July 22, 2015 – Photograph of casino | A, R, H, I, UP | |
| 37. | Plaintiff's Exhibit 2 to the Videotaped Deposition transcript of Dalise L. Gautreaux taken on August 27, 2015 – Diagram of the Promenade Deck Plan for the Carnival *Dream* | N | |
| 38. | Plaintiff's Exhibit 3 to the Videotaped Deposition transcript of Dalise L. Gautreaux taken on August 27, 2015 – Photograph of the casino flooring with markings made by the witness* | A, R, H, I, UP | |
| 39. | Defendant's Exhibit 2 to the Videotaped Deposition transcript of Dalise L. Gautreaux taken on August 27, 2015 – Photograph of the casino flooring with markings made by the witness | A, R, H, I, UP | |
| 40. | Defendant's Exhibit 3 to the Videotaped Deposition transcript of Dalise L. Gautreaux taken on August 27, 2015 – Photograph of the casino flooring with markings made by the witness | A, R, H, I, UP | |
| 41. | Plaintiffs' Answers to Defendant's Interrogatories* | R, UP | |
| 42. | Reports/Affidavits prepared and any and all documents, photographs, tangible things, or exhibits of any kind relied upon by Dr. Joseph Fernandez (EXPERT) in formulating his opinions in this cause of action* | A, R, H, I, UP | |

| | | | |
|---|---|---|---|
| 43. | CV of Dr. Joseph Fernandez* | A, R, H, I, UP | |
| 44. | Any and all medical or other experts' illustrations, diagrams, models, charts, publications or articles* | A, R, H, I, UP | |
| 45. | Any and all documents produced during discovery in this matter* | A, R, H, I, UP | |
| 46. | Documents identified as Exhibits at deposition in this matter* | A, R, H, I, UP | |
| 47. | Any and all documents received pursuant to any proper subpoena *duces tecum** | A, R, H, I, UP | |
| 48. | Photographs, enlargements and/or duplicates of any and all exhibits listed* | A, R, H, I, UP | |
| 49. | Demonstrative exhibits, including but not limited to, photographs, videos, medical records, and medical models/illustrations. * | A, R, H, I, UP | |
| 50. | Any and all exhibits listed by Plaintiff * | A, R, H, I, UP | |
| 51. | Impeachment or rebuttal exhibits, the need for which arises after the filing of this exhibit list * | A, R, H, I, UP | |

Defendant reserves the right to amend and supplement its exhibit list upon proper notice to Plaintiffs.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

AT LAW AND IN ADMIRALTY

SHIRLEY RILEY,

Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

Defendant,
_______________________________/

**PLAINTIFF'S AMENDED WITNESS LIST**

The Plaintiff, by and through her undersigned counsel and pursuant to the pretrial order of this Court [D.E. 19], hereby files her witness list as follows:

1. **Shirley Riley (Plaintiff) (LIVE)**
c/o Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL 33131
(305) 371-8000

2. **Freddie "Chuck" Griffin (Partner/Traveling Companion)**
1995 Whip Poor Will Court South
Semmes, AL 36575
(337) 842-5566
(Expected to be present at trial)

Chuck Griffin will testify about the facts of the case, the failures negligence of the subject cruise line, and before-and-after psychological and physical condition of the Plaintiff.

Mr. Griffin is expected to testify that he was 10-15 feet behind Ms. Riley when she fell and that he did not rush her. He saw her fall and observed that her clothing (pants and blouse) were wet after the fall.

3. **<u>Curtis Jordan (brother – liability witness and before and after)</u>**
Redstone Road
Semmes, AL 36575
(251) 649-2208
(Expected to be present at trial)

Curtis Jordan will testify the negligence of the subject cruise line, and before-and-after psychological and physical condition of the Plaintiff.

Mr. Jordan is expected to testify that he came to the scene of the fall incident while Ms. Riley was still on the floor. He observed Ms. Riley sitting in water. The wet area was a couple of square feet by a couple of square feet in size. The water blended in with the tile. Further, Mr. Jordan is expected to testify that he walked through the area where Ms. Riley fell earlier that day. At that time he observed water on the tiled walkway in the casino. It looked like people had tracked through the water. The water was present in more than one location.

4. **<u>Lynette Skipper (daughter – before and after)</u>**
2150 Whip Poor Will Court
Semmes, AL 36575
(251) 689-2451
(Expected to be present at trial)

Lynette Skipper possesses discoverable information including, but not limited to before-and-after psychological and physical condition of the Plaintiff.

5. **<u>Tim Stewart (son – before and after)</u>**
11205 Cricket Hollow
Semmes, AL 36575
(251) 599-2262
(Expected to be present at trial)

Tim Stewart possesses discoverable information including, but not limited to before-and-after psychological and physical condition of the Plaintiff.

6. **<u>Karen Garrison (daughter – before and after)</u>**
416 A East 24th Avenue
Gulf Shores, AL 36542
(251) 752-2422
(Expected to be present at trial)

Karen Garrison possesses discoverable information including, but not limited to before-and-after psychological and physical condition of the Plaintiff. Ms. Garrison moved in with her mom after the slip and fall incident to take care of her mother.

7. **Dalise Walgamotte (Gautreaux) (third party witness)**
1424 No. Bengal Road
Metairie, LA 70003
(504) 270-2503
(Testimony by videotaped deposition)

Ms. Gautreaux was deposed on August 27, 2015.

She will testify that she witnessed the fall incident involving Shirley Riley in the Jackpot Casino on the Carnival Dream on April 19, 2015. Further, Ms. Gautreaux will testify that she observed water on the tiled walkway in the Jackpot Casino on the Carnival Dream in the area where the Plaintiff fell 30-45 minutes prior to Ms. Riley's fall incident.

8. **Gina Duck (before and after)**
6621 Suwannee Road
Pensacola, FL 32526
(256) 591-0522
(May be called if the need arises)

At this time, Plaintiff asserts that Gina Duck possesses discoverable information including, but not limited to before-and-after psychological and physical condition of the Plaintiff.

Ms. Duck is expected to testify that Ms. Duck was the department manager at Winn Dixie' bakery which Ms. Riley through her employer serviced for years. Ms. Duck will testify that before the accident Ms. Riley "could work circles around her" despite Ms. Riley being approximately 15 years older than Ms. Duck. Ms. Riley was good at her job and she loved her job. When Ms. Riley returned to her job after the accident, Ms. Duck witnessed how Ms. Riley had a problem performing her job of decorating cakes due to limitation of use of her right hand.

9. **Gina Rollinson (former supervisor – before and after)**
445 Lake Como Drive
Pomona Park, FL 32181
(352) 304-0183
(Testimony by videotaped deposition)

Ms. Rollinson was deposed on September 14, 2014. Gina Rollinson acted as Ms. Riley's supervisor at HC Brill/CSM before and after Ms. Riley's accident. Among other things, she will testify that Ms. Riley's injury and surgery caused her to have restrictions. After the fall incident, Ms. Riley had difficulty lifting and moving the

arm and struggled to perform her job which prompted Ms. Riley to retire. At the time of the accident, Ms. Riley had no plans to retire.

10. **Leslie Schmidt (third party witness – substantially similar prior incident)**
979 Southeast Saint John's Street
Lake City, FL 32035
(386) 438-4356
(May be called if the need arises)

Leslie Schmidt is a passenger who also slipped and fell on the walkway in the Jackpot Casino on the Carnival Dream on June 16, 2012. Similar to Ms. Riley's incident, Ms. Schmidt was walking through the casino when she slipped and fell on liquid present on the walkway. She is further expected to testify that the surface was very slippery and shiny.

11. **Jacalyn Pucci (third party witness – substantially similar prior incident)**
401 Corklan Court
Saint John's, FL 32259
(May be called if the need arises)

Jacalyn Pucci slipped and fell on the walkway in the Jackpot Casino on the Carnival Dream on August 8, 2012. Similar to Ms. Riley's incident, Ms. Pucci slipped and fell on water liquid present on the surface.

12. **Lawrence ("Larry") Dinoff AIA, NCARB (Expert) (Architect)**
Robson Forensic, Inc.
354 N. Prince Street
Lancaster, PA 17603
(Expected to be present at trial)

Lawrence ("Larry Dinoff") was deposed on September 13, 2015.

The subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, are disclosed in Mr. Dinoff's report and deposition of September 13, 2015 and pursuant to stipulation dated October 7, 2015.

He will testify to the following:

a) Expert's ship inspection of the subject surface where the Plaintiff fell onboard in the Jackpot Casino on the Carnival Dream conducted on June 28, 2015, including but not limited to his observations, testing, photographs and measurements taken during the inspection;

b) Static coefficient of friction when wet for the subject tiled surface where the

Plaintiff fell;

c) The opinions reflected in Plaintiff's Expert Witness Disclosures served and dated August 4, 2015 including but not limited to opinions in the experts dated August 3, 2015; and

d) The testimony and opinions reflected in his deposition of September 13, 2015.

13. **<u>Monica Petisco (Corporate Representative)</u>**
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178
(Expected to be presented at trial by videotaped deposition)

Monica Petisco is a representative of Carnival. She will testify about the subject matters on which she testified as a representative for the corporation pursuant to Fed. R. Civ. P. 30(b)(6) and admissions made during her deposition. She was deposed on July 9, 2015 and July 22, 2015.

14. **<u>Casna Suzanna (Corporate Representative)</u>**
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178
(Expected to be presented at trial by videotaped deposition)

Casna Suzanna is a representative of Carnival. She will testify about the subject matters on which she testified as a representative for the corporation pursuant to Fed. R. Civ. P. 30(b)(6) and admissions made during her deposition. She was deposed on August 4, 2015.

15. **<u>Carnival Corporation (Records Custodian)</u>**
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178
(Expected to be present at trial)

16. Any and all **<u>MEDICAL CARE PROVIDERS</u>** (including but not limited to all doctors, nurses, physical therapists, vocational therapists, occupational therapists, hospitals, clinics and any and all medical facilities, who have examined or have provided services or treatment to the Plaintiff at any time including), and the **<u>RECORDS CUSTODIANS</u>** for such personnel and facilities, including but not limited to the following:

a) **<u>Jay Dennis, M.D. FACS (Expert) (orthopedist)</u>**
4550 N. Hills Drive
Hollywood, FL 33021-1703
(Expected to be present at trial)

<u>Disclosure pursuant to Fed. R. Civ. P. 26(a)(2):</u> The **subject matter** on which the expert is expected to testify, the **substance of the facts and opinions** to which the expert is expected to testify, and a **summary of the grounds** for each opinion as follows:

Dr. Dennis is an orthopedic surgeon. He has examined and evaluated the Plaintiff. He will testify to the following:

1. the interpretation of the x-rays, MRIs, CT scans, tests and diagnostic studies;
2. his examination of the Plaintiff;
3. his opinions referenced in his report attached hereto;
4. Diagnosis;
5. Prognosis;
6. Relationship of the injuries, disabilities, medical expenses, and physical condition to the subject accident;
7. Permanent injury to the Plaintiff;
8. Disabilities and disability ratings;
9. The reasonableness and necessity of the medical expenses (past and future);
10. All other opinions reflected in the Plaintiff's Expert Witness Disclosure of served on August 4, 2015, including but not limited to the experts report dated June 15, 2015.

b) **<u>Thomas Barbour III, M.D. (Orthopedic Surgeon)</u>**
The Orthopaedic Group, P.C.
6144 Airport Blvd
Mobile, AL 36608
(may be called if the need arises)

<u>Disclosure pursuant to Fed. R. Civ. P. 26(a)(2)( C)</u>: The **subject matter** on which the expert is expected to testify, **the substance of the facts** and **opinions** to which the expert is expected to testify, and a **summary of the grounds** for each opinion, are as follows:

Dr. Barbour III is a treating orthopedic surgeon who conducted surgery on Shirley Riley at Mobile Infirmary on **April 23, 2014**. He will testify about:

1. the interpretation of the x-rays, MRIs, CT scans, tests and diagnostic studies;
2. pre and post-surgery care and treatment of the Plaintiff;
3. open reduction internal fixation proximal ulna fracture on April 23, 2014;
4. open reduction and radial head and neck fracture on April 23, 2014;

5. subsequent operation to right elbow interior transposition of the ulnar nerve on August 17, 2015;
6. diagnosis;
7. prognosis;
8. disabilities and disability ratings;
9. functional limitations of the Plaintiff;
10. the reasonableness and necessity of the medical expenses (past and future);
11. relationship of the injuries, disabilities, medical expenses and physical condition to the subject accident;
12. his opinions referenced in his medical records;
13. post operative and subsequent follow up treatment of Ms. Riley; and
14. All other opinions which have been disclosed previously or will be disclosed in correspondence, records, reports, Interrogatory Answers, depositions, and/or trial testimony of this witness in the case.

c) **Crystal Rogers, OTR (medical provider) (occupational therapist)**
The Orthopaedic Group, P.C.
6144 Airport Blvd
Mobile, AL 36608
(may be called if the need arises)

Disclosure pursuant to Fed. R. Civ. P. 26(a)(2)( C): The **subject matter** on which the expert is expected to testify, **the substance of the facts** and **opinions** to which the expert is expected to testify, and a **summary of the grounds** for each opinion, are as follows:

Crystal Rogers is an occupational therapist who treated Shirley Riley at the Orthopaedic Group commencing on **May 16, 2014**. She is expected to testify about:

1. the interpretation of the x-rays, MRIs, CT scans and other diagnostic studies;
2. her care and treatment of the Plaintiff;
3. DASH (disability arm, shoulder, hand) testing of the Plaintiff;
4. Plaintiff's Functional Limitations:
5. opinions referenced in her treatment records;

d) **Julia Boyd, M.D. (Primary Care Physician)**
Family Providence Physicians
6901 Airport Blvd
Mobile, AL 36685
(may be called if the need arises)

Disclosure pursuant to Fed. R. Civ. P. 26(a)(2)( C): The **subject matter** on which the expert is expected to testify, **the substance of the facts** and **opinions** to which the expert is expected to testify, and a **summary of the grounds** for each opinion, are as follows:

Julia Boyd is a primary care physician. She treated Shirley Riley at Family Providence Physicians. She has been Shirley Riley's primary care physician since June 18, 2012. She will testify about:

1. the interpretation of the x-rays, MRIs, CT scans, tests and diagnostic studies;
2. her care and treatment of the Plaintiff;
3. her opinions referenced in his medical records;
4. All other opinions which have been disclosed previously or will be disclosed in correspondence, records, reports, Interrogatory Answers, depositions, and/or trial testimony of this witness in the case.

17. Records Custodians of the Defendants and Medical Providers.

18. Billing Custodians of Defendant and Medical Providers.

19. Corporate Representatives of the Defendants including but not limited to those produced by the Defendants for deposition pursuant to Fla. R. Civ. P. 1.310 (b) (6).

20. All rebuttal witnesses.

21. All impeachment witnesses.

**CERTIFICATE OF SERVICE**

We hereby certify that a copy of the foregoing was served via e-mail this 10th day of November, 2015 on Scott P. Mebane, Esq., smebane@maselara.com, Mason Kerns, Esq., mkerns@maselara.com, Mayra Norona, Legal Assistant, mnorona@maselara.com, Connie Toth, Legal Assistant, ctoth@maselara.com, Filing Clerk, filing@maselara.com, Mase Lara, P.A., 2601 South Bayshore Drive, Suite 800, Miami, FL 33133.

BY: *s/Bjorg Eikeland*

Bjorg Eikeland, Esquire (FBN 37005)
beikeland@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorney for the Plaintiff, Shirley Riley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: MARTINEZ/GOODMAN

SHIRLEY RILEY,

Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES

Defendant.
_________________________________/

**CARNIVAL'S TRIAL WITNESS LIST**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, hereby serves its Trial Witness List pursuant to the applicable Federal Rules of Civil Procedure and this Court's Order, and lists its trial witnesses as follows:

1. Shirley Riley
   1995 Whip Poor Will Court South
   Semmes, AL 36575

2. Freddie "Chuck" Griffin
   1995 Whip Poor Will Court South
   Semmes, AL 36575

3. Khristine Alfonzo Nieda
   c/o Carnival Cruise Lines
   3655 Northwest 87th Avenue
   Miami, FL 33178

4. Alex George, RN
   Shipboard Nurse
   c/o Carnival Cruise Lines
   3655 Northwest 87th Avenue
   Miami, FL 33178



MASELARA
TRIAL LAWYERS

5. Monica Petisco
Litigation Representative
Maritime Legal & Medical Services
c/o Carnival Cruise Lines
3655 Northwest 87th Avenue
Miami, FL 33178

6. Zuzanna Kazsa
Corporate Representative
c/o Carnival Cruise Lines
3655 Northwest 87th Avenue
Miami, FL 33178

7. Sandra Lee Morton
1637 South Benton
Marshall, Missouri 65340

8. John M. Ezell
1708 A. Garden Drive
Columbia, Missouri 65202

9. James Cruz
Chief Security Officer
c/o Carnival Cruise Lines
3655 Northwest 87th Avenue
Miami, FL 33178

10. Sanket Shaha
Security Officer
c/o Carnival Cruise Lines
3655 Northwest 87th Avenue
Miami, FL 33178

11. Reygee Ang
Hotel Steward
c/o Carnival Cruise Lines
3655 Northwest 87th Avenue
Miami, FL 33178

12. Joko Eko Prasetyo
Assistant Stateroom Steward
c/o Carnival Cruise Lines
3655 Northwest 87th Avenue
Miami, FL 33178

13. Dr. Thomas Barbour III, and/or any and all treating physicians/staff and records custodian
The Orthopedic Group
6144 Airport Blvd.
Mobile, AL 36608

14. Dr. Robert B. McGinley and/or any and all treating physicians/staff and records custodian
The Orthopedic Group
6144 Airport Blvd.
Mobile, AL 36608

15. Crystal Rogers, OTR and/or any and all treating physicians/staff and records custodian
The Orthopedic Group
6144 Airport Blvd.
Mobile, AL 36608

16. Dr. Jack Russell Cunningham and/or any and all treating physicians/staff and records custodian
Mobile Infirmary
5 Mobile Infirmary Circle
Mobile, AL 36607

17. Steven P. Thompson, PA-C and/or any and all treating physicians/staff and records custodian
Mobile Infirmary
5 Mobile Infirmary Circle
Mobile, AL 36607

18. Dr. James N. Byrd and/or any and all treating physicians/staff and records custodian
Mobile Infirmary
5 Mobile Infirmary Circle
Mobile, AL 36607

19. Dr. Adolph Isom and/or any and all treating physicians/staff and records custodian
Mobile Infirmary
5 Mobile Infirmary Circle
Mobile, AL 36607

20. Dr. Donna L. Dark-Mezick and/or any and all treating physicians/staff and records custodian

Mobile Infirmary
5 Mobile Infirmary Circle
Mobile, AL 36607

21. Dr. Julia Boyd and/or any and all treating physicians/staff and records custodian
Family Providence Physicians
610 Providence Park Drive, Bldg. I, Suite 102
Mobile, AL 36695

22. Any and all treating physicians/staff and records custodian
Greater Mobile Urgent Care
7943 Moffett Road
Semmes, AL 36575

23. Records Custodian
Walmart Pharmacy
7855 Moffett Rpad
Semmes, AL 36575

24. Any and all treating physicians/staff and records custodian
Airport Family Practice
610 Providence Park Drive, BLDG. 1, Suite 102
Mobile, AL 36695

25. Dr. Harry J. Koch and/or any and all treating physicians/staff and records custodian
Mobile Obstetrics & Gynecology
6701 Airport Blvd., Ste B321
Mobile, AL 36608

26. Any and all treating physicians/staff and records custodian
Anesthesia Service
1 Mobile Infirmary Cir
Mobile, AL 36607

27. Any and all treating physicians/staff and records custodian
Mobile Open MRI
4724 Airport Blvd
Mobile, AL 36608

28. Records Custodian
Centers for Medicare & Medicaid Services
200 Independence Avenue, S.W.
Washington, D.C. 20201

29. Records Custodian
NGHP
P.O. Box 138832
Oklahoma City, OK 73113

30. Records Custodian
AETNA
151 Farmington Avenue
Hartford, CT 06156

31. Records Custodian
The Rawlings Company
One Eden Parkway
LaGrange, KY 40031

32. Any and all supervisors of Plaintiff and/or records custodian
CSM Bakery Products
1912 Montreal Road
Tucker, GA 30084

33. Any and all supervisors of Plaintiff and/or records custodian
HC Brill Company
1912 Montreal Road
Tucker, GA 30084

34. Dr. Joseph I. Fernandez (EXPERT)
Baptist Medical Arts Building
East Tower
8940 North Kendall Drive, Suite 101-E
Miami, FL 33176

35. All persons listed on Plaintiff's Trial Witness list.

36. Any and all witnesses deposed in this matter after the date of this Witness List.

37. Any and all witnesses identified in depositions taken in this matter.

38. Any and all witnesses identified in discovery responses and documents produced during discovery in this matter.

39. Any newly discovered witnesses revealed after the date of this Witness List.

40. All treating doctors and/or medical providers of Plaintiff.

41. Impeachment and rebuttal witnesses, the need for which arises after the filing of this witness list.

Defendant reserves the right to amend and/or supplement its witness list.

Respectfully submitted,

MASE LARA, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: *_/s/ Mason Kerns_*
CURTIS J. MASE
Florida Bar No.: 0478083
cmase@maselara.com
SCOTT P. MEBANE
Florida Bar No.: 273030
smebane@maselara.com
MASON KERNS
Florida Bar No: 91754
mkerns@maselara.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on November 10, 2015 a true and correct copy of the foregoing was served via email on all counsel of record or *pro se* parties identified on the below Service List.

By: *_/s/ Mason Kerns_*
MASON KERNS

SHIRLEY RILEY v. CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES

CASE NO. 15-CV-20807-MARTINEZ/GOODMAN

John H. Hickey, Esq.
Bjorg Eikeland, Esq.
Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
Tel: (305) 371-8000
Fax: (305) 371-3542
Email: Hickey@hickeylawfirm.com
Email: beikeland@hickeylawfirm.com
*Attorneys for Plaintiff*

18733/724



MASELARA
TRIAL LAWYERS