UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

15-cv-20807-Martinez/Goodman

SHIRLEY RILEY,

Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES

Defendant.
_________________________________/

**CARNIVAL'S REPLY AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE TESTIMONY**

Defendant, Carnival Corporation, replies to Plaintiff's response [ECF No. 48] to Carnival's motion in limine to exclude testimony [ECF No. 42], and in support of its motion states:

**Memorandum of Law**

Carnival is *not* asserting that Plaintiff's treating physicians and practitioners must submit reports. Rather, Carnival asks that the Court apply the uniform, unambiguous case law of this Circuit and rule that because Plaintiff chose not to submit reports, those treating physicians and practitioners may not opine as to what caused Plaintiff's injuries.

This Court has already decided the precise issue before it now. In *In re Denture Cream Products Liability Litigation*, "Defendants assert[ed] [that] in order for Plaintiffs' treating physicians to opine on specific or general causation, they must have submitted an expert report in compliance with Rule 26(a)(2)(B) because such opinions were not formed and are not based upon observations made during the course of treatment." 2012 WL 5199597, at *2 (S.D. Fla.

2012) (Altonaga, J.). Exactly like Plaintiffs here, the *Denture Cream Products* Plaintiffs "simply assert[ed] [that] their designated experts are un-retained treating physicians and summarily conclude[d] that full written reports are not required." *Id.* at *5. The Court disagreed, finding that "the title 'treating physician' does not carry the day for Plaintiffs." *Id.* The court found further that "[i]nasmuch as Plaintiff's treating physicians are opining on causation—either specific or general—Defendants are entitled to full Rule 26(a)(2)(B) reports because such opinions go beyond those arising from treatment." *Id.* (citing *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 825 (9th Cir. 2011) ("District courts within this circuit have limited treating physician testimony to opinions formed during the course of treatment when the party seeking admission of the testimony disclosed no expert report.")).

*Denture Cream Products* is the rule, not the exception. *See, e.g., Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493, at *11 (N.D. Ga. 2013) ("when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must provide a written Rule 26[a][2](b) report.") (quoting *Goodman*, 644 F.3d at 819-20 (internal citations and quotations omitted)); *Whelan v. Royal Caribbean Cruises Ltd.*, 976 F. Supp. 2d 1322, 1328 (S.D. Fla. 2013) ("treating physicians are not 'expert' witnesses when testifying about observations based on personal knowledge, including the treatment of a party. However, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required.") (Ungaro, J.) (internal citations and quotations omitted).

In her response, Plaintiff notes that Rule 26(a)(2) was amended in 2010, and cites the advisory committee notes to that amendment as somehow supportive of her claim. She forgets


MASELARA
TRIAL LAWYERS

that *Denture Cream Products* was decided in 2012, a fact that did not escape the court in *Kondragunta:*

> [T]he Court considers the Advisory Notes to constitute persuasive authority in interpreting the rule. Nevertheless, the Court concludes that prior caselaw concerning the standard for when a hybrid expert, such as a treating physician, should be deemed a full-blow[n] Subsection B expert has not been abrogated by the newly-added text in Rule 26(a)(2)(C). This is so because the trigger for Subsection B status-the phrase "retained or specially employed"-is found in both the amended and unamended rule, and caselaw that had interpreted this phrase, even before the amendment, is more persuasive to the Court than is the Advisory Committee Notes' listing of an example. While the amended rule may have created a new type of disclosure for experts who were not required to file a written report, it did not alter the criterion for identifying those experts who do have to submit a report: that is, experts who have been "retained or specially employed". Further, caselaw interpreting the above phrase has held that a treating physician can, in fact, be considered a retained or specially employed witness…

*Kondragunta*, 2013 WL 1189493 at *12; *accord, Blakely v. Safeco Ins. Co. of Illinois*, 2014 WL 1118071, at *3 (M.D. Fla. 2014) ("A physician who supplies an opinion procured directly from treatment is not subject to the expert witness disclosure requirements in Rule 26(a)(2)(B). But, if a health care professional is asked to give any additional opinions, beyond those procured directly from treatment, then for those additional opinions to be admissible, Plaintiff must first provide the full written disclosures required by Rule 26(a)(2)(B).").

Carnival seeks a ruling consistent with that provided by *Denture Cream Products* and its progeny—nothing more, nothing less. Under Rule 37, if a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff argues that because her treating physicians fall under Rule 26(a)(2)(C), they did not have to provide reports, and as such there was no Rule 26(a)(2) violation. To the extent Plaintiff evades operation of Rule 37 by so claiming technical compliance, she in the same breath necessarily concedes that the witnesses are not Rule 26(a)(2)(B) witnesses—the only witnesses

allowed under *Denture Cream Products, Whelan*, *Kondragunta,* and *Blakely* to testify as to causation. Whether the Court utilizes its inherent authority or Rule 37 as its vehicle in ruling, the law provides that "if a health care professional is asked to give any additional opinions, beyond those procured directly from treatment, then for those additional opinions to be admissible, Plaintiff must first provide the full written disclosures required by Rule 26(a)(2)(B)." *Blakely*, 2014 WL 1118071 at *3. Since Plaintiff has not provided such full written disclosures, Plaintiff's treating physicians and practitioners cannot offer at trial (1) opinions regarding the cause of Plaintiff's injuries or (2) opinions beyond those arising from treatment.

**Request for Relief**

Based upon the foregoing, Carnival respectfully requests that the witnesses above be barred from offering at trial (1) opinions regarding the cause of Plaintiff's injuries, and (2) opinions beyond those arising from treatment.

Respectfully submitted,

MASE LARA, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: *_/s/ Mason Kerns___________*
CURTIS J. MASE
Florida Bar No.: 0478083
cmase@maselara.com
SCOTT P. MEBANE
Florida Bar No.: 273030
smebane@maselara.com
MASON KERNS
Florida Bar No.: 91754
mkerns@maselara.com
mnorona@maselara.com
filing@maselara.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed with the Clerk to the Court via CM/ECF, and emailed to all counsel of record as identified in the Service List below, on November 25, 2015.

By: /s/ *Mason Kerns*
MASON KERNS

Service List

John H. Hickey, Esq.
Bjorg Eikland, Esq.
Hickley Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
Tel: (305) 371-8000
Fax: (305) 371-3542
hickey@hickeylawfirm.com
beikeland@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
*Attorneys for Plaintiff*

18733/792



MASELARA
TRIAL LAWYERS