UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

SHIRLEY RILEY,

      Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

      Defendant,

_____/

**NOTICE OF FILING
JOINT PROPOSED
JURY INSTRUCTIONS**

The parties to this action, Shirley Riley, Plaintiff, and Carnival Corporation d/b/a Carnival Cruise Lines, Defendant, by and through their undersigned attorneys and in compliance with the Court's Order Setting Civil Jury Trial [DE 19] and Order Resettling Trial [DE 55] hereby jointly file their Joint Proposed Jury Instructions.  The instructions indicate which party proposed and whether the parties agree.

## PROPOSED JURY INSTRUCTION NO. 1

### <u>Court's Instructions to the Jury</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

GIVEN            _____

REFUSED          _____

MODIFIED         _____

WITHDRAWN        _____

Authority:  Eleventh Circuit Civil Pattern Jury Instruction 3.1 (2013).

## PROPOSED JURY INSTRUCTION NO. 2

## <u>PRELIMINARY INSTRUCTIONS BEFORE TRIAL</u>

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their

remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Shirley Riley, claims the Defendant, Carnival Corporation d/b/a Carnival Cruise Lines,:

**_Plaintiff's Statement of the Case ([DE 46):_**

*The Defendant owns and operates the cruise ship Carnival Dream. On April 19, 2014, the Defendant's employees negligently allowed a spill of water to remain on a large area of the walkway in the Jackpot casino on deck 5, for an extended period of time. The contends walkway in the casino remained wet for an extended period of time (30-45 minutes), despite a passenger's warning and notice to the onboard cruise personnel about the existence of the accumulation of water.  Moreover, the Defendant created the dangerous condition in the first place by installing marble tile on the walkway in the casino with a slip resistance when wet below industry standard and Carnival's own standard for coefficient of friction.*

*The Plaintiff slipped and fell as a result of the wet floor left unattended by the Defendant's employees.  As a result of her slip and fall, the Plaintiff suffered a comminuted fracture of her right elbow.  On April 23, 2014, the Plaintiff underwent a surgery for open reduction-internal fixation of proximal ulnar fracture with implantation of an artificial elbow joint.  A year and four months later, on August 17, 2015, the Plaintiff underwent a second surgery for anterior transposition of the ulnar nerve. The Plaintiff developed scar tissue after her second surgery and contends that she still experiences numbness in her right arm and elbow.*

Carnival Corporation d/b/a Carnival Cruise Lines denies those claims and contends that [describe counterclaims or affirmative defenses].

**_Defendant's Statement of the Case ([DE 46):_**

*Plaintiff tripped over her own two feet, yet blames Carnival for her injuries.*

*Plaintiff's boyfriend was rushing Plaintiff through the casino walkway on the date in question. Plaintiff was wearing shoes with peculiar soles that provide very good traction. Rather than "slip," as plaintiff alleges, her lead foot contacted the marble tile and abruptly stopped, making a screeching sound. Two independent eyewitnesses heard the screech and watched plaintiff fall forward onto the floor, sustaining a fractured arm.*

*There was no puddle of water or any other foreign substance on the floor. The two independent eyewitnesses and a security guard searched the floor for any liquid, finding it completely dry. Plaintiff did, on account of her own negligence, sustain an injury, but she greatly exaggerates the effects of that injury on her life. Carnival is not liable for any of Plaintiff's claimed damages.*

Burden of proof:

Shirley Riley has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Shirley Riley must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Shirley Riley and the evidence favoring Carnival Corporation d/b/a Carnival Cruise Lines on opposite sides of balancing scales, Shirley Riley needs to make the scales tip to her side. If Shirley Riley fails to meet this burden, you must find in favor of Carnival Corporation d/b/a Carnival Cruise Lines.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

*On certain issues, called "affirmative defenses," Carnival has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Carnival must prove for any affirmative defense. After considering all the evidence, if you decide that Carnival has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.*

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them

information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Shirley Riley will present her witnesses and ask them questions. After Shirley Riley questions the witness, Carnival Corporation d/b/a Carnival Cruise Lines may ask the witness questions – this is called "cross-examining" the witness. Then Carnival Corporation d/b/a Carnival Cruise Lines will present its witnesses, and Shirley Riley may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

GIVEN              _____

REFUSED           _____

MODIFIED          _____

WITHDRAWN      _____

Authority:  Eleventh Circuit Civil Pattern Jury Instruction 1.1

## PROPOSED JURY INSTRUCTION NO. 3

### <u>Duty to Follow Instructions</u>
### <u>Corporate Party Involved</u>

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

GRANTED        _____

DENIED         _____

MODIFIED       _____

WITHDRAWN      _____

Authority:   Eleventh Circuit Civil Pattern Jury Instruction 3.2.2 (2013).

## PROPOSED JURY INSTRUCTION NO. 4

### <u>Consideration of Direct and Circumstantial Evidence;<br>Argument of Counsel; Comments by the Court</u>

*As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.*

*You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.*

*Your own recollection and interpretation of the evidence is what matters.*

*In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.*

*"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.*

*"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.*

GRANTED      _____

DENIED      _____

MODIFIED      _____

WITHDRAWN      _____

Authority:      Eleventh Circuit Civil Pattern Jury Instruction 3.3

## PROPOSED JURY INSTRUCTION NO. 5

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

- The remainder of this page intentionally left blank -

7.Did the witness's testimony differ from other testimony or other
 evidence?

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

Authority:   Eleventh Circuit Civil Pattern Jury Instruction 3.4 (2013).

## PROPOSED JURY INSTRUCTION NO. 6

### <u>Impeachment of Witnesses</u>
### <u>Inconsistent Statement</u>

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

GRANTED  _____

DENIED  _____

MODIFIED  _____

WITHDRAWN  _____

Authority:   Eleventh Circuit Civil Pattern Jury Instruction 3.5.1 (2013).

*PROPOSED JURY INSTRUCTION NO. 7*

**_Impeachment of Witnesses_**
**_Inconsistent Statement and Felony Conviction_**

*You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.*

*To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.*

*But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.*

*GRANTED* _____

*DENIED* _____

*MODIFIED* _____

*WITHDRAWN* _____

*Authority:     Eleventh Circuit Civil Pattern Jury Instruction 3.5.2. This instruction is appropriate in light of Carnival Corporation's conviction of a felony.*

## PROPOSED JURY INSTRUCTION NO. 8

### <u>Expert Witnesses</u>
### <u>General Instruction</u>

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.


GRANTED            _____

DENIED            _____

MODIFIED            _____

WITHDRAWN            _____


Authority:    Eleventh Circuit Civil Pattern Jury Instruction 3.6.1 (2013).

**PROPOSED (BASIC) INSTRUCTION NO. 9**


**EXPERT WITNESSES**
**WHEN EXPERT WITNESS FEES REPRESENT**
**A SIGNIFICANT PORTION OF THE WITNESS' INCOME**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.


**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

**WITHDRAWN** _____


**Authority Eleventh Circuit Pattern Jury Instructions, Civil Cases, § 3.6.2 (2013).**

### *PROPOSED JURY INSTRUCTION NO. 10*

### <u>*Conflicting Expert Testimony*</u>

*You have heard testimony of expert witnesses on both sides of the case.*

*The testimony of these witnesses is in conflict.  They disagree.  You must remember that you are the sole trier of the facts and their testimony relates to a question of fact - that is, the issue of proximate cause; so it is your job to resolve the disagreement.*

*The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, since they gave you their opinion, you consider the soundness of each opinion, reasons for the opinion and the witness' motive, if any, for testifying.*

*You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all of the evidence.  You should not permit a witness' opinion testimony to be a substitute for your own reason, judgment and common sense.*

*You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness.  The determination of the facts in this case rests solely with you.*

*Authority:     <u>Modern Federal Jury Instructions</u>, 2004 Vol. 4, Hon. Leonard B. Sand, Instruction 76-10 Conflicting Expert Testimony, LexisNexis, Matthew Bender.  See also <u>Fed. R. Evid.</u> 702 and 704.*

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

### *REQUESTED JURY INSTRUCTION NO. 11*

*The issue you must decide on Plaintiff's negligence claims against Defendant is whether Defendant was negligent, and, if so, whether such negligence was a legal cause of the loss, injury or damage to Plaintiff.*

Authority:  Florida Standard Jury Instruction No. 401.18(a)

GIVEN                   _____

REFUSED                _____

MODIFIED               _____

WITHDRAWN              _____

*PROPOSED JURY INSTRUCTION NO. 12*

<u>**NEGLIGENCE**</u>

*Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.*

Authority:     Florida Standard Jury Instruction 401.4.

GIVEN                    _____

REFUSED                _____

MODIFIED             _____

WITHDRAWN        _____

*PROPOSED JURY INSTRUCTION NO. 13*

<u>*DUTY OF SHIP OWNER*</u>

*The duty of the ship owner is not only to react to hazards of which it has knowledge but also to inspect and find hazardous conditions and remove them.  The cruise line is deemed to have constructive notice of the hazard "if in the exercise of reasonable care, [the cruise line] ought to have known about or discovered the alleged dangerous condition."*

Authority:     *Ribitzki v. Canmar Reading & Bates,* 111 F. 3d 658, 663 (9th Circuit 1997); *Erickson v. Carnival Cruise Lines, Inc.,* 649 So. 2d at 943.

GRANTED          _____

DENIED            _____

MODIFIED         _____

WITHDRAWN       _____

*PROPOSED JURY INSTRUCTION NO. 14*

### *DUTY OF SHIP OWNER*

*The ship owner is responsible for all dangerous conditions aboard ship of which the ship owner has actual or constructive notice.*

Authority:    *Everett v. Carnival Cruise Lines, Inc.,* 912 F. 2d 1355, 1358 (Eleventh Circuit 1990); *Keefe v. Bahamas Cruise Lines, Inc.,* 867 F. 2d 1318, 1322 (Eleventh Circuit 1989); *Erickson v. Carnival Cruise Lines, Inc.,* 649 So. 2d at 943.

GRANTED          _____

DENIED            _____

MODIFIED         _____

WITHDRAWN     _____

### *PROPOSED JURY INSTRUCTION NO. 15*

### *DUTY OF DEFENDANT TO INSPECT*

The next issue for your determination as to whether the Defendant, Carnival Corporation, was negligent is whether Carnival Corporation should have discovered the puddle of water by the time Mrs. Riley walked through the area. If you find that Carnival Corporation should have discovered the water and should have taken measures to clean up the water or block off the area before Mrs. Riley walked through the area, you can consider this in determining whether Carnival Corporation had acted reasonably under the circumstances.

Authority: *Smith vs. Southern Gulf Marine, Co. No. 2, Inc*. 791 F.2d 416 (C.A.5 (La.), 1986. See, e.g., *Food Lion, LLC v. Monument,* 939 So.2d 1106 (Fla. 1st DCA 2006). In *Monument,* the trial court granted a summary judgment on liability in a slip and fall which occurred on ice on a sidewalk outside the grocery store. The appellate court reversed and held:

> A landowner owes a business invitee a duty not only to react to hazards of which it has notice but **also to inspect to ensure conditions are safe or, at the least, that hazards (unless open and obvious) are discovered and warned against**. See, Lynch v. Brown, 489 So.2d 65, 66 (Fla. 1st DCA 1986); *Anderson v. Walthal*, 468 So. 2d 291, 294(Fla. 1st DCA 1985) (explaining that the landlord had a duty "to use ordinary care in keeping the premises in a reasonably safe condition"). See also, Sec. 768.0710 (2)(b), Fla. Stat. (2002) ("Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim"). **Whether a landlord's duty to maintain the premises "has been breached is ordinarily a question for the jury to decide."** *Hancock v. Department of Corrections*, 585 So. 2d 1068, 1071 (Fla. 1st DCA 1991).

(Emphasis added). *Monument*, 939 So. 2d at 1107-8

GRANTED _____

DENIED _____

MODIFIED _____

WITHDRAWN _____

## PROPOSED JURY INSTRUCTION NO.  16

### *CONSTRUCTIVE NOTICE*

Constructive notice, on the other hand, requires that the dangerous condition exist aboard ship for a sufficient interval of time to invite corrective measures.

Authority:    *Monteleone v. Bahamas Cruise Line, Inc..,* 838 F. 2d 63, 65 (2d Circuit 1988); *Erickson v. Carnival Cruise Lines, Inc.,* 649 So. 2d at 943.

GRANTED            _____

DENIED              _____

MODIFIED           _____

WITHDRAWN        _____

## PROPOSED JURY INSTRUCTION NO. 17

### *CONSTRUCTIVE NOTICE*

Constructive notice of the dangerous condition to the cruise line may be proven by circumstantial evidence.  This circumstantial evidence can be the size of the puddle, the location of the puddle, the quality of the puddle or condition, and the length of time the puddle was on the floor.

Authority:     *Grayson v. Carnival Cruise Lines, Inc.,* 576 So. 2d 417(Fla. 3d DCA 1991); *Erickson v. Carnival Cruise Lines, Inc.,* 649 So. 2d at 943; *Teate v. Winn Dixie Stores, Inc.*, 525 So. 2d 1060 (Fla. 3d DCA 1988).  *See, Gonzalez v. B&B Cash Grocery Stores, Inc.,* 692 So. 2d 297 (Fla. 4th DCA 1997); *Winn Dixie Stores, Inc. v. Williams,*  264 So. 2d 862 (Fla. 3d DCA 1972).

GRANTED                 _____

DENIED                    _____

MODIFIED               _____

WITHDRAWN           _____

## PROPOSED JURY INSTRUCTION NO. 18

### *NOTICE: PRIOR ACCIDENTS*

Notice of the dangerous condition can also be shown through evidence of an ongoing or repetitive condition.  That is, constructive notice can be shown "by evidence that the condition occurred in that area with sufficient regularity as to be foreseeable."

Authority:    *Walmart Stores, Inc. v. Reggie,* 714 So. 2d 601, 603 (Fla. 4th DCA 1998);

GRANTED           _____

DENIED            _____

MODIFIED          _____

WITHDRAWN         _____

## PROPOSED JURY INSTRUCTION NO. 19

### *NO NOTICE REQUIRED WHEN CARNIVAL*
### *CREATED THE HAZARDOUS CONDITION*

*Carnival can be liable for failing to exercise reasonable care for the safety of Shirley Riley if Carnival created a foreseeably hazardous condition which caused or allowed the flooring at the Jackpot Casino to become dangerously slippery when wet. If you find that Carnival created a foreseeably hazardous condition by not taking reasonable care under the circumstances to prevent the slippery surface at the Jackpot Casino, then Carnival has breached its duty.*

Authority:     *Baker v. Carnival Corporation*, Case No.: 06-21527-CIV 2006 WL 3519093 (S.D. Fla. Dec. 6, 2006 ); *Rockie v. Royal Caribbean Cruises, Ltd.,* 2001 WL 420993 *4-5 (S.D. Fla. 2001); *McLean v. Carnival Corporation*, 2013 WL 1024257 (S.D. Fla. 2013).

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

**PROPOSED JURY INSTRUCTION NO. 20**

***NO NOTICE REQUIRED: NEGLIGENT MAINTENANCE***

The Plaintiff also does not need to show notice where there is evidence of negligent maintenance.

Authority:      *Mabrey v. Carnival Cruise Lines, Inc.,* 438 So. 2d 937, 938 (Fla. 3d DCA 1983); see also, *Carr v. School Board of Pascoe County,* 921 So. 2d 825 (Fla. 2nd DCA 1983);

GRANTED                _____

DENIED                  _____

MODIFIED              _____

WITHDRAWN         _____

## PROPOSED JURY INSTRUCTION NO. 21

### *Violation of Statute, Ordinance or Regulation*
### *Evidence of Negligence*

     *Violation of the Industry Standards is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a standard, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.*

Authority:    Florida Standard Jury Instruction 401.9. *See also Holderbaum v. Carnival*, 87 F. Supp.3d 1345 (S.D. Fla. 2015)

GRANTED        _____

DENIED         _____

MODIFIED       _____

WITHDRAWN     _____

## PROPOSED JURY INSTRUCTION NO. 22

### *THE PENNSYLVANIA RULE*

If you find that Carnival Corporation violated a maritime safety regulation, that is, ASTM F-1166, Carnival Corporation has the burden to prove that its violation could not have been the cause of the accident.

Authority:     The 'Pennsylvania Rule', a burden of proof shifting rule activated by a statutory violation, applies outside of collision cases.  **"This rule has been expanded beyond collision cases to apply to any "statutory violator who is a party to maritime accident."** *Florida Marine Transporters, Inc. v. Sanford,* 255 Fed. Appx. 885, 888-889 (5th Cir. 2007), *citing Pennzoil Producing Co. v. Offshore Express, Inc.,* 943 F.2d 1465, 1472 (5th Cir. 1991). *See also U.S. v. Nassau Marine Corp.*, 778 F.2d 1111, 1116 (5th Cir. 1985) ("The [Pennsylvania] Rule does not apply only to collisions."). In *United States v. Nassau Marine*, 778 F.2d 1111 (5 Cir. 1985), the court   articulated a test for determining when to apply the presumption of the Pennsylvania Rule. That Court held that three elements must exist: (1) proof by a preponderance of the evidence of violation of a statute or regulation that imposes a mandatory duty: (2) the statute or regulation must involve marine safety or navigation; and (3) the injury suffered must be of a nature that the statute or regulation was intended to prevent. Id. at 1116-1117; *Folkstone Maritime v. CSX Corporation*, 1995 AMC 2705, 2716, 64 F.3d 1037, 1047 (7 Cir. 1995). If each of these criteria are satisfied, a party is entitled to a presumption that a statutory violation of a defendant caused, or at least contributed to, the injury or damage complained of.

In *Nautilus Motor Tanker Limitation Proceedings*, 1996 AMC 2308, 2317-2318 (3rd Cir 1996) the Court found that the plaintiff has proven a statutory violation and agreed with

plaintiff's contention that **the Pennsylvania Rule is applicable to non-collision cases such as the instant matter before the Court.** See In re *Seaboard Shipping Corp.*, 449 F.2d 132, 136, 1971 AMC 2145, 2152 (2d Cir. 1971), cert. denied, 406 U.S. 949, 92 S. Ct. 2038-39, 32 L. Ed. 2d 337 (1972); *Kernan v. American Dredging Co.*, 355 U.S. 426, 78 S. Ct. 394, 2 L. Ed. 2d 382 (1958); *The Denali*, 112 F.2d 952 (9th Cir. 1940).

In the fire fighting arena, the Fifth Circuit has specifically found the Pennsylvania Rule to be applicable. *Pennzoil Producing Co. v. Offshore Express, Inc*., 943 F.2d 1465, 1472 (5th Cir. 1991)

*Subaqueous Services Inc. v. Corbin*, 35 FLW D208a (Fla. 1st DCA 2010) citing *The Pennsylvania* 86 US 125, 136 (1873). (Holding 'Burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been').

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 23

### *Standard of Care*

The standard of care due passengers by a cruise ship operator is that standard of care which is reasonable under the circumstances.  Specifically, the Supreme Court has defined the duty of care owed passengers by a cruise ship operator as follows:  "[T]he owner of a ship in navigable waters owes to all the duty of exercising reasonable care under the circumstances of each case."

Reasonable care, as a standard for imposing liability, requires as a prerequisite to the imposition of liability, that the cruise ship operator have actual or constructive notice of a dangerous or risk creating condition before liability can be found.  "Constructive notice" requires that a dangerous or risk creating condition be present for a period of time sufficient to all for corrective action.   A cruise ship operator must be on notice of a dangerous or risk creating condition for a sufficient interval of time to allow it to take corrective action before liability can be found.

Authority:    *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406, 410 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355, 1358 (11th Cir. 1990); *Keefe v. Bahamas Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989); *Beard v. Norwegian Caribbean Lines,* 900 F.2d 71, 73-74 (6th Cir. 1990); *Monteleone v. Bahamas Cruise Line, Inc.,* 838 F.2d 63, 65-66 (2nd Cir. 1988); *Muratore v. M/S Sc*otia Prince, 845 F.2d 347, 353 (1st Cir. 1988); *Rainey v. Paquet Cruises, Inc.,* 709 F.2d 169, 172 (2nd Cir. 1983); *Gibboney v. Wright,* 517 F.2d 1054, 1059 (5th Cir. 1975), *Hall v. Royal Caribbean Cruises, Ltd.*, 2004 WL 1621209 (Fla. 3d DCA July 21, 2004

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

## PROPOSED JURY INSTRUCTION NO. 24

### *Reasonable Care*

The court has determined and now instructs you, as a matter of law, that the circumstances at the time and place of the incident complained of were such that Defendants owed a special duty to Plaintiff to subject Plaintiff to NO suffering or inconvenience which could be avoided by reasonable care and effort.

Authority:     *Kornberg v. Carnival Cruise Lines*, 741 F.2d 1332 (11th Cir. 1984).

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

## PROPOSED JURY INSTRUCTION NO. 25

### *Duty to Exercise Reasonable Care*

*Carnival Corporation owes a "duty to exercise reasonable care under the circumstances for the safety of its passengers" including the Plaintiff, Shirley Riley herein.*

Authority:     See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); Carlisle *v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985); *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).

GRANTED             _____

DENIED               _____

MODIFIED           _____

WITHDRAWN       _____

## PROPOSED JURY INSTRUCTION NO. 26

### *The Creation of a Foreseeably Hazardous Situation*

Carnival Corporation can be liable for failing to exercise reasonable care for the safety of Shirley Riley if Carnival Corporation created an unsafe or foreseeably hazardous condition. If you find that Carnival Corporation created a foreseeably hazardous situation by installing and utilizing granite surface in the Jackpot Casino on the Carnival Dream which was dangerously slippery when wet Carnival Corporation has breached its duty.

Authority:      'Where it is alleged ... that defendant created an unsafe or foreseeably hazardous condition, a plaintiff need not prove notice in order to show negligence.' " *McLean v. Carnival Corp.,* No. 12–24295–CIV, 2013 WL 1024257, at *4–5 (S.D.Fla. Mar. 14, 2013) (quoting *Baker v. Carnival Corp.,* No 06–21527–CIV, 2006 WL 3519093, at *3 (S.D.Fla. Dec. 6, 2006) (citing *Rockey v. Caribbean Cruises, Ltd.,* No. 99–708–CIV–Gold, 2001 WL 420993, at *4–5 (S.D.Fla. Feb. 20, 2001)), 11–23323–CIV, 2012 WL 920675, at *3–4 (S.D.Fla. Mar. 19, 2012) *overruled on other grounds by Doe v. Royal Caribbean Cruises, Ltd.,* No 11–23323–CIV, 2012 WL 920675, at *3–4 (S.D. Fla. Mar. 19, 2012)); *see also Caldwell v. Carnival Corp.,* 944 F.Supp.2d 1219, 1224 (S.D.Fla.2013). *Holderbaum v. Carnival Corp.,* 87 F. Supp. 3d 1345, 1355-56 (S.D. Fla. 2015)

GRANTED          _____

DENIED            _____

MODIFIED         _____

WITHDRAWN     _____

## REQUESTED JURY INSTRUCTION NO. 27

### Burden of Proof on Main Claim

If the greater weight of the evidence does not support the claim of the Plaintiff, then your verdict should be for the Defendant.

However, if the greater weight of the evidence supports Plaintiff's claims, then your verdict should be for the Plaintiff.

Authority:     Florida Standard Jury Instruction No. 401.21.

GIVEN            _____

REFUSED          _____

MODIFIED         _____

WITHDRAWN        _____

## PROPOSED JURY INSTRUCTION NO. 28

### *DEFENSE ISSUES*

*If the greater weight of the evidence supports Shirley Riley's claims, then you shall consider the defense raised by Carnival Corporation d/b/a Carnival Cruise Lines.*

*On the comparative negligence defense, the issue for you to decide is:*

a.   *Comparative negligence generally:*

*whether Shirley Riley was herself negligent in the subject incident and, if so, whether that negligence was a contributing legal cause of injury or damage to Shirley Riley.*


GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____


Authority:  Florida Standard Jury Instruction No. 401.22a; [Elements of damages in maritime cases are more accurately stated in Florida Standard Jury Instruction 6.2(a).  See, e.g., *Watson v. Wilkinson Trucking Co.,* 244 S.C. 217, 136 S.E.2d 286 (1964); *Couch, III v. Cro-Marine Transport, Inc.*, 44 F.3d 319, 328 (5th Cir.1995).  See also Force and Norris, The Law of Maritime Personal Injuries, 5th Edition, Section 11:1.]

**PROPOSED JURY INSTRUCTION NO. 29**

### *BURDEN OF PROOF ON DEFENSE ISSUES*

*If the greater weight of the evidence does not support Carnival Corporation d/b/a Carnival Cruise Lines' defense and the greater weight of the evidence does support Shirley Riley's claim, then your verdict should be for Shirley Riley in the total amount of her damages.*

*If, however, the greater weight of the evidence shows that both Shirley Riley and Carnival Corporation d/b/a Carnival Cruise Lines were negligent and that the negligence of each contributed as a legal cause of loss, injury, and damage sustained by Shirley Riley, you should decide and write on the verdict form what percentage of the total negligence of both parties to this action was caused by each of them.*

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

Authority:  Florida Standard Jury Instruction No. 401.23

## PROPOSED JURY INSTRUCTION NO. 30

### *PERSONAL INJURY DAMAGES: ELEMENTS*

If your verdict is for Defendant, you will not consider the matter of damages. But if the greater weight of the evidence supports Plaintiff's claim, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which the greater weight of the evidence shows will fairly and adequately compensate for their loss, injury or damage, including any damages that Plaintiff is reasonably certain to incur or experience in the future.

a.      *Injury, pain, disability, disfigurement, scarring, loss of capacity for enjoyment of life:*

Any bodily injury sustained by Shirley Riley and any resulting pain and suffering, disability or physical impairment, disfigurement, scarring, mental anguish, inconvenience, loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

b.      *Medical expenses:*

Care and treatment of claimant: (Formerly 6.2c)

The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Shirley Riley in the past or to be so obtained in the future.

c.      *Lost earnings:*

When lost earnings or lost working time shown:

Any earnings lost in the past

GRANTED          _____

DENIED            _____

MODIFIED          _____

WITHDRAWN         _____

Authority:      Florida Standard Jury Instruction 501(1) and 501(2). See also, *Watson v. Wilkinson Trucking Co.,* 244 S.C. 217, 136 S.E.2d 286 (1964); ***Couch, III v. Cro-Marine Transport, Inc.***, 44 F.3d 319, 328 (5th Cir.1995).  See also Force and Norris, The Law of Maritime Personal Injuries, 5th Edition, Section 11:1.]

## PROPOSED JURY INSTRUCTION NO. 31

### *Legal Cause*

*a. Legal cause generally:*

     *Negligence is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the negligence, the injury would not have occurred.*

Authority:    Florida Standard Jury Instruction 401.12

GRANTED         _____

DENIED          _____

MODIFIED       _____

WITHDRAWN     _____

**PROPOSED JURY INSTRUCTION NO. 32**

**<u>Mortality Tables</u>**

If the greater weight of the evidence shows that Shirley Riley has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Shirley Riley may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Shirley Riley's health, age and physical condition, before and after the injury, in determining the probable length of her life.

Authority:   Florida Standard Jury Instruction 501.6

GRANTED          _____

DENIED          _____

MODIFIED          _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 33

### *Reduction of Damages to Present Value*

*Any amount of damages which you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.*

*The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Shirley Riley for these losses as they are actually experienced in future years.*

Authority:      Florida Standard Jury Instruction 501.7.

GRANTED             _____

DENIED              _____

MODIFIED            _____

WITHDRAWN           _____

**PROPOSED JURY INSTRUCTION NO. 34**

*<u>Duty to Deliberate</u>*
*<u>When Only the Plaintiff Claims Damages</u>*

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

Authority:       Eleventh Circuit Civil Pattern Jury Instruction 3.8.1

**PROPOSED JURY INSTRUCTION NO. 35**

***ELECTION OF FOREPERSON***
***EXPLANATION OF VERDICT FORM***

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone,

including me, in your note or question.

Authority:    Eleventh Circuit Civil Pattern Jury Instruction 3.9

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 36

### *Civil Allen Charge*

*Members of the jury:*

*I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.*

*This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.*

*Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.*

*It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.*

*You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.*

*If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.*

*You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.*

*I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.*

*You may now return to the jury room and continue your deliberations.*

GRANTED         _____

DENIED            _____

MODIFIED       _____

WITHDRAWN    _____

Authority:      Eleventh Circuit Civil Pattern Jury Instruction 2.8

## PROPOSED (BASIC) INSTRUCTION NO. 37

### RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIMS –
### PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a preponderance of the evidence. This is sometimes called the "burden of proof" or the "burden of persuasion."

A preponderance of the evidence simply means an amount of evidence that is enough to persuade you that the Plaintiff's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

**If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for a Defendant as to that claim.**

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

**WITHDRAWN** _____

**Authority: Eleventh Circuit Pattern Jury Instructions, Civil Cases, § 3.7.1 (2013).**

PROPOSED (GENERAL MARITIME LAW) INSTRUCTION NO. 38

NEGLIGENCE UNDER GENERAL MARITIME LAW
DUTY

Carnival had no duty to warn Shirley Riley of dangers which were apparent and obvious to her.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

**WITHDRAWN** _____

**Authority:**  *Corby v. Kloster Cruise Limited*, 1990 U.S. Dist. Lexis 13675 (October 5, 1990); *Luby v. Carnival Cruise Lines*, 633 F. Supp. 40 (S.D. Fla. 1986); *Harnesk v. Carnival Cruise Lines, Inc.*, 1992 AMC 1472, 1477 (S.D. Fla. 1991).

**PROPOSED (GENERAL MARITIME LAW) INSTRUCTION NO. 39**

**DUTY-STANDARD OF CARE**

A shipowner is not an insurer of its passengers' safety.  That is, a shipowner does not become liable to a passenger merely because an accident occurs.

To determine whether the shipowner was negligent, the benchmark against which a shipowner's behavior must be measured is the duty to use reasonable care under the circumstances.  Likewise, the law requires the cruise ship passenger to also exercise reasonable care for her own safety.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

**WITHDRAWN** _____

**Authority:**  *Corby v. Kloster Cruise Limited*, 1990 U.S. Dist. Lexis 13675 (October 5, 1990); *Luby v. Carnival Cruise Lines*, 633 F. Supp. 40 (S.D. Fla. 1986); *Harnesk v. Carnival Cruise Lines, Inc.*, 1992 AMC 1472, 1477 (S.D. Fla. 1991).

**PROPOSED (GENERAL MARITIME LAW) INSTRUCTION NO. 40**

**NEGLIGENCE UNDER GENERAL MARITIME LAW**

To recover for injuries sustained in her fall, the Plaintiff must prove either that Carnival 1) had actual notice of the condition of which she complains; or 2) that the dangerous condition existed for such a length of time that in the exercise of ordinary care, Carnival should have known of it.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

**WITHDRAWN** _____

**Authority:** *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1359 (11th Cir. 1990).

51

## PROPOSED INSTRUCTION NO. 41

### NEGLIGENCE
### COMPARATIVE NEGLIGENCE DEFENSE

In this case the Plaintiff claims that the Defendant was negligent and that such negligence was a legal cause of damage sustained by the Plaintiff. Specifically, the Plaintiff alleges that the Defendant [*was negligent in its maintenance of the area where the Plaintiff fell*].

In order to prevail on this claim the Plaintiff must prove both of the following facts by a preponderance of the evidence:

First: That the Defendant was "negligent;" and

Second: That such negligence was a "legal cause" of damage sustained by the Plaintiff.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred.

52

Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support the Plaintiff's claim, then your verdict should be for the Defendant. If, however, a preponderance of the evidence does support the Plaintiff's claim, you will then consider the defense raised by the Defendant.

The Defendant contends that the Plaintiff was also negligent and that such negligence was a legal cause of the Plaintiff's own injury.

This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the Defendant who must establish:

First: That the Plaintiff was also "negligent;"

And

Second: That such negligence was a "legal cause" of the Plaintiff's own damage.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

Finding in favor of the Defendant on this defense will not prevent recovery by the Plaintiff, it will only reduce the amount of the Plaintiff's recovery. In other words, if you find that the accident was due partly to the fault of the Plaintiff - - that the Plaintiff's own negligence was, for example, 50% responsible for the Plaintiff's own damage - - then you would fill in that percentage as your finding on the special verdict form that I will explain in a moment. Such a finding would not prevent the Plaintiff from recovering; the Court

will merely reduce the Plaintiff's total damages by the percentage that you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that the Plaintiff was negligent, you might find 1% or 99%.

If the evidence proves negligence on the part of the Defendant that was a legal cause of damage to the Plaintiff, you should award the Plaintiff an amount of money that will fairly and adequately compensate the Plaintiff for such damage.

GIVEN            _____

REFUSED          _____

MODIFIED         _____

WITHDRAWN        _____

ANNOTATIONS AND COMMENTS

Florida has adopted a "pure" comparative negligence rule. *See Hoffman v. Jones*, 280 So.2d 431 (Fla. 1973).

Eleventh Circuit Pattern Jury Instructions, Civil Cases, State Claims Instruction No. 1.1 (2005)
(modified to extent of excluding calculation of damages, "Florida Law" and "Return to General Charge" side-heading and paragraph on "Georgia Law").

## PROPOSED (DAMAGES) INSTRUCTION NO. 42

### DAMAGES

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible.  Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Medical and hospital expenses, past and future;

(b) Mental pain and anguish, past and future;

(c) Physical pain and anguish, past and future;

(d) Permanent injury or disability.

**GIVEN**          _____

**REFUSED**        _____

**MODIFIED**       _____

**WITHDRAWN**      _____

**Authority:  Eleventh Circuit Pattern Jury Instructions, Civil Cases, Negligence Claims Instruction No. 8.1 (2013) (modified).**

Dated:  1st day of February, 2016

Respectfully submitted,

/s/ Bjørg Eikeland                              
Bjørg Eikeland (FBN: 37005)
beikeland@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Ste. 510
Miami, FL  33131-3504
Telephone: (305) 371-8000
Facsimile:  (305) 371-3542
Attorneys for the Plaintiff

/s/ Scott P. Mebane                          
Scott P. Mebane, Esq. (FBN 273030)
smebane@maselara.com
Mason Kerns, Esq. (FBN 91754)
mkerns@maselara.com
filing@maselara.com
mnorona@maselara.com
Masa, Lara, P.A.
2601 South Bayshore Drive, Suite 800
Miami, FL  33133
Tel.: (305) 377-3770
Fax: (305) 377-0080
Attorneys for Defendant

## CERTIFICATE OF SERVICE

    We hereby certify that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 1st day of February, 2016.  We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

  s/ Bjørg Eikeland              
Bjørg Eikeland (FBN 37005)

## SERVICE LIST

RILEY v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES
CASE NO.: 1:15-cv-20807-MARTINEZ/GOODMAN

| | |
|---|---|
| John H. Hickey, Esq. (FBN 305081)<br>hickey@hickeylawfirm.com<br>Bjørg Eikeland, Esq. (FBN 37005)<br>beikeland@hickeylawfirm.com<br>Hickey Law Firm, P.A.<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131-3504<br>Tel. (305) 371-8000<br>Fax (305) 371-3542<br>*Attorneys for Plaintiff* | Scott P. Mebane, Esq. (FBN 273030)<br>smebane@maselara.com<br>Mason Kerns, Esq. (FBN 91754)<br>mkerns@maselara.com<br>mnorona@maselara.com<br>ctoth@maselara.com<br>filing@maselara.com<br>Masa, Lara, P.A.<br>2601 South Bayshore Drive, Suite 800<br>Miami, FL 33133<br>Tel.: (305) 377-3770<br>Fax: (305) 377-0080<br>*Attorneys for Defendant*<br>*Service by Notice of Electronic Filing* |

18733/#854v2